397 So.2d 709 (1981)
Alfred KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. LL-475/T1-12.
District Court of Appeal of Florida, Fifth District.
March 11, 1981.
Rehearing Denied April 29, 1981.
*710 Stephen P. Sapienza, Flagler Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Alfred Kelly, was charged in a three-count information with burglary of a dwelling, grand theft, and dealing in stolen property. He was convicted on all three counts.
The trial evidence indicated that the home of the victim, Mrs. Skipper, was burglarized and several of the stolen items were pawned the following week to one Willis Brown by the defendant. The defendant, after being advised of his Miranda rights, gave an oral and written confession, which the trial court ruled was voluntary and which was admitted into evidence.
The appellant attempts to raise several points on appeal which were not properly preserved below: the admissibility of the confession, the state's cross-examination of defendant in regard to prior convictions, the sufficiency of the evidence, prejudicial prosecutorial comment, the constitutionality of the grand theft statute, and the trial court's instruction on the presumption raised by the unexplained possession of property recently stolen.
The appellant contends that the trial court erred in admitting certain tapes into evidence because of the victim's admission on cross-examination, after identifying the tapes as the ones taken from her home, that there were many other tapes "just like this ... right here in Flagler County." This did not render the identification insufficient for admissibility under these circumstances: the tapes were with other items, properly identified, that had been pawned by the defendant and were included in his pre-trial confession as having been taken from the victim. Moreover, if there was error in the admission into evidence of the tapes, it was harmless because there was ample evidence in respect to other identified items and their value to support the grand theft conviction.
The appellant also contends that the charge of grand theft in the second degree is an essential part of the burglary charge, and therefore he cannot be separately convicted of both. This point was addressed by the Florida Supreme Court in Estevez v. State, 313 So.2d 692 (Fla. 1975), and its conclusion therein supports the state's argument that these two offenses are separate, not facets of the same transaction, and separate sentences for these two convictions could be properly imposed. This point on appeal is rendered moot, however, by the disposition of the last point considered hereinafter.
The appellant argues that the trial court erred in accepting verdicts, and sentencing him, on both the charge of grand theft and the charge of dealing in stolen property. See § 812.025, Fla. Stat. (1979). We agree. The fact that one week elapsed between the theft and the pawning of the stolen items does not support the state's argument that a different scheme or course of conduct arose by reason of the interim. *711 The convictions for both grand theft of the second degree (a third-degree felony)[1] and dealing in stolen property (a second-degree felony)[2] cannot stand.
Accordingly, the conviction and sentence for grand theft in the second degree is reversed. See Pinder v. State, 366 So.2d 38 (Fla. 2d DCA 1978), affirmed, State v. Pinder, 375 So.2d 836 (Fla. 1979). The case is otherwise affirmed.
AFFIRMED in part; REVERSED in part.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.

ON MOTION FOR REHEARING
COBB, Judge.
We grant rehearing to delete the reference in our prior opinion to Pinder v. State, 366 So.2d 38 (Fla. 2d DCA 1978), aff'd., State v. Pinder, 375 So.2d 836 (Fla. 1979). Rehearing is otherwise denied, and we adhere to the balance of our prior opinion.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 812.014, Fla. Stat. (1979).
[2] § 812.019, Fla. Stat. (1979).