407 So.2d 1000 (1981)
Carl RIDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1454.
District Court of Appeal of Florida, Fifth District.
December 23, 1981.
*1001 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
We find the proof of appellant's possession of property recently stolen was sufficient to give rise to an inference that he not only stole the property but also committed the burglary which was necessary to accomplish the theft.[1]See State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). See also Shaw v. State, 209 So.2d 477 (Fla. 1st DCA 1968). The inference of guilt arises only when the accused's possession of recently stolen property is personal and exclusive, Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979), or from the defendant's distinct and conscious assertion of possession, Palmer v. State, 323 So.2d 612 (Fla. 1st DCA 1975). Appellant's possession at the time that he sold some of the stolen property meets both characterizations.
*1002 The reasonableness of an accused's explanation of his possession of recently stolen property is a question of fact for the jury, or the judge in a non-jury trial, to be considered in connection with all other facts and circumstances submitted in the trial of the case. Borghese v. State, 158 So.2d 785, 786 (Fla.3d DCA 1963). A trial judge is not bound, as a matter of law, to accept as true a defendant's explanation of his possession of recently stolen property when tendered on a motion under Florida Rule of Criminal Procedure 3.190(c)(4). State v. Carroll, 404 So.2d 844 (Fla. 5th DCA 1981). Likewise, the trial judge is not bound on a motion for a judgment of acquittal, made at the close of all evidence in a case, to accept as true as a matter of law a defendant's explanation of his possession of recently stolen property. Accordingly, appellant's conviction and sentence on the burglary charge is affirmed.
However, appellant was convicted and sentenced of both grand theft of, and trafficking in, the same stolen property. Section 812.025, Florida Statutes (1979), prohibits a guilty verdict on both counts charging these two statutory offenses as to the same property. While the State was properly not required to elect between these counts, we read Florida Rule of Criminal Procedure 3.505 with section 812.025, Florida Statutes (1979), to require that the trial judge should have instructed the jury that guilty verdicts could not be returned as to both counts. As this was not done this court, rather than the jury, must now relieve appellant of one of the two convictions and we find no law exactly in point indicating which of the two convictions and sentences should be reversed and vacated. Since we uphold appellant's conviction of burglary as based on the inference that he committed the theft, which in turn is based on the inference arising from his possession of recently stolen property, it is somewhat illogical to uphold the conviction of burglary and void the conviction of the theft upon which it is based.
Cases involving the voiding of one of two convictions because of double jeopardy concepts and cases under the now repealed[2] "single transaction rule" are not directly applicable. However, since dealing in stolen property is a felony of the second degree, § 812.019, Fla. Stat. (1979), and grand theft of the second degree is but a felony of the third degree, § 812.014(2)(b), Fla. Stat. (1979), and the State has convinced the jury beyond a reasonable doubt as to both, we reverse the less serious conviction. Accordingly, appellant's convictions and sentences for burglary, §§ 810.02(1); 810.02(3), Fla. Stat. (1979), and dealing (trafficking) in stolen property, § 812.019, Fla. Stat. (1979), are affirmed and his conviction and sentence[3] on grand theft, § 812.014(2)(b), Fla. Stat. (1979), is reversed and set aside.
AFFIRMED in part and REVERSED in part.
COBB and SHARP, JJ., concur.
NOTES
[1] In effect, this is an exception to the rule prohibiting the jury from basing one inference upon another inference.
[2] See § 775.021(4), Fla. Stat. (1979); Gonzalez v. State, 367 So.2d 1008 (Fla. 1979); State v. Munford, 357 So.2d 706 (Fla. 1978); Portee v. State, 392 So.2d 314 (Fla.2d DCA 1980).
[3] As to the burglary charge, appellant was sentenced to a straight term of years in prison. As to the trafficking offense the accused was placed on probation for a straight term of years consecutive to the confinement on the burglary charge. As to the grand theft charge the accused was sentenced to five years confinement split two and one-half years in confinement followed by probation for two and one-half years. This latter sentence violates the dictates of Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). Therefore our vacation of that sentence solves that problem and yet does not interfere with the apparent sentencing scheme of the trial judge as gleaned from the sentences imposed on the burglary and trafficking charges.