424 So.2d 151 (1982)
Sammie Lee LENNEAR, Appellant,
v.
STATE of Florida, Appellee.
No. 82-169.
District Court of Appeal of Florida, Fifth District.
December 29, 1982.
James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant correctly contends that he could not be convicted of both grand theft (second degree) and dealing in stolen property, because section 812.025,[1] Florida Statutes *152 (1981), prohibits both convictions. The evidence clearly showed only one scheme or course of conduct involving the theft and sale of the stolen property, so only one conviction is permitted. See Kelly v. State, 397 So.2d 709 (Fla. 5th DCA 1981).
The State argues that two crimes were committed, not one, and thus multiple convictions and sentences are permissible under section 775.021(4), Florida Statutes (1981). From a double jeopardy standpoint, the State's position seems to be correct, and without section 812.025, both convictions and sentences would appear to be proper.[2] But, the legislature has the right to define crimes and provide for their punishment. Whalen v. United States, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980), and section 812.025 limits the punishment and so must control, especially in view of the clear intention that it apply "Notwithstanding any other provision of law... ."
Accordingly, the conviction and sentence for the lesser offense of grand theft, second degree, are set aside, and the conviction and sentence for trafficking in stolen property are affirmed. See Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981).
AFFIRMED in part, and REVERSED in part.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] § 812.025, Fla. Stat. (1981):

Charging theft and dealing in stolen property.  Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
[2] See Borges v. State, 415 So.2d 1265 (Fla. 1982).