456 So.2d 1299 (1984)
Peter REPETTI, Appellant,
v.
STATE of Florida, Appellee.
No. 84-327.
District Court of Appeal of Florida, Second District.
October 5, 1984.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Peter Repetti, appeals his convictions for burglary, grand theft, and two counts of dealing in stolen property and the judgments and sentences entered on the charges of burglary and dealing in stolen property. We affirm in part and reverse in part.
After reviewing the briefs and record on appeal, we find no reversible error in connection with the convictions for burglary and the two counts of dealing in stolen property. We find, however, that the trial court erred in allowing the jury to return guilty verdicts on both count III (grand theft) and count IV (dealing in stolen property) of the information filed against appellant.
Count III charged appellant with grand theft of Kathleen Gianferrara's jewelry. Count IV charged him with dealing in the stolen jewelry. Although section 812.025, Florida Statutes (1981), permits a single information, under proper circumstances, to charge in separate counts both theft and dealing in stolen property in connection with one scheme or course of conduct, the statute only allows the jury to return a guilty verdict on one or the other, but not both, of the counts. We, therefore, uphold appellant's conviction for dealing in stolen *1300 property under count IV of the information and reverse the conviction for grand theft under count III. Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981).
Since appellant's conviction for grand theft was included in the scoresheet used in determining his sentence under the guidelines, we must reverse and remand for resentencing on the three remaining convictions.
Affirmed in part, reversed in part, and remanded.
HOBSON, A.C.J., and BOARDMAN, J., concur.