470 So.2d 856 (1985)
Robert Lee ALEXANDER, Appellant,
v.
STATE of Florida, Appellee.
No. BA-384.
District Court of Appeal of Florida, First District.
June 13, 1985.
Michael E. Allen, Public Defender and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant was charged with grand theft of an outboard motor in violation of Section 812.014, Florida Statutes, and trafficking in stolen property, in violation of Section 812.019(2), Florida Statutes. The outboard motor which was the subject of Count I, was also the property which appellant allegedly "trafficked" in Count II. The trial court refused the defense request to instruct the members of the jury that if they chose to convict, a conviction could be returned on only one of the counts. Appellant alleges the trial court erred in failing to give his requested jury instruction, and alleges error in his conviction on a trafficking charge pursuant to Section 812.019(2), Florida Statutes. We agree, and reverse for resentencing.
The testimony at trial revealed that appellant, with the help of an acquaintance, took a 50-horsepower outboard motor which belonged to appellant's brother-in-law, and pawned or sold it for $150.00. The jury returned a verdict of guilty on both counts, i.e., grand theft and trafficking in stolen property.
*857 At the sentencing hearing, defense counsel again urged that the trial court erred in refusing to instruct the jury pursuant to Section 812.025, Florida Statutes, and moved for a new trial. The assistant state attorney agreed that it was error to fail to instruct the jury that if they elected to return a guilty verdict, they could return a verdict of guilty on only one count, but not both. The trial court thereupon vacated the adjudication of guilt as to the Count I charge of grand theft, and sentenced appellant to a term of seven years imprisonment on the Count II charge of trafficking.
The information filed in this case charged appellant in Count II with a violation of Section 812.019(2), Florida Statutes, which provides:
Any person who initiates, organizes plans, finances, directs, manages, or supervises the theft of property and traffics in such stolen property shall be guilty of a felony of the first, degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
Appellant maintains, and the State agrees, that the evidence in this case will not support a conviction under Section 812.019(2), since "an individual who steals and traffics in only his own stolen goods is subject to theft and trafficking charges under Section 812.014 and 812.019(1), but may not be charged with `organizing' under Section 812.019(2)." Goddard v. State, 458 So.2d 230, 234 (Fla. 1984).
Appellant maintains, too, that the trial court's refusal to instruct the jury pursuant to the provisions of Section 812.025, Florida Statutes,[1] and Florida Rule of Criminal Procedure 3.505[2] cannot be cured by vacating the theft conviction. Rather, appellant urges the error can only be corrected by award of a new trial. The State, on the other hand, contends the proper remedy is that followed by the Fifth District in Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). We agree with the State's view. In Ridley the court construed Section 812.025 with Florida Rule of Criminal Procedure 3.505:
to require that the trial judge should have instructed the jury that guilty verdicts could not be returned as to both counts. As this was not done, this court, rather than the jury, must now relieve appelaln of one of the two convictions and we find no law exactly in point indicating which of the two convictions and sentences should be reversed and vacated. Id., 1002.
Since the State had convinced the jury "beyond a reasonable doubt" that Ridley was guilty of both the second degree felony of dealing in stolen property and the third degree felony of grand theft, the court set aside the conviction on the lesser charge.
At the sentencing hearing in this case, the trial court set aside the adjudication of guilt as to grand theft, and sentenced appellant pursuant to Section 812.019(2), a first degree felony. Since the jury found the defendant guilty on both counts but the trial court sentenced on only the greater count, we agree with the State that a new trial is not required.
Therefore, we reverse appellant's conviction and sentence imposed pursuant to Section 812.019(2), and remand for entry of adjudication of guilt and resentencing pursuant to Section 812.019(1), and Goddard v. State.
ERVIN, C.J., and SHIVERS, J., concur.
NOTES
[1] § 812.025, Fla. Stat. (1983), provides:

Charging theft and dealing in stolen property  Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
[2] Fla.R.Crim.P. 3.505 provides:

Inconsistent verdicts  The State need not elect between inconsistent counts, but the trial court shall submit to the jury verdict forms as to each count with instructions applicable to returning their verdicts from the inconsistent counts.