503 So.2d 443 (1987)
Charles DUNCAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-19.
District Court of Appeal of Florida, Second District.
March 4, 1987.
*444 James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Duncan appeals from his conviction and sentence for petit theft in violation of section 812.014(2)(b) Florida Statutes (1985), and his conviction and sentence for dealing in stolen property in violation of section 812.019(1) Florida Statutes (1985). We affirm his conviction and sentence for dealing in stolen property and reverse his conviction and sentence for petit theft.
Section 812.025, Florida Statutes (1985), provides that:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
Section 812.025 prohibits conviction for both petit theft and dealing in stolen property where both charges appear in the same information, involve the same property and involve only one scheme or course of conduct. W.J. v. State, 485 So.2d 22 (Fla. 5th DCA 1986); Repetti v. State, 456 So.2d 1299 (Fla. 2d DCA 1984); Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982).
Duncan was charged with petit theft in violation of section 812.014(2)(b) and with dealing in stolen property in violation of section 812.019(1). While both charges properly appeared in the same information, the trial court improperly permitted the jury to return guilty verdicts on both offenses. § 812.025, Fla. Stat. (1985).
Accordingly, we affirm Duncan's conviction and sentence for dealing in stolen property and reverse Duncan's less serious conviction and sentence for petit theft. Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). A remand for resentencing is unnecessary as subtraction of one point for the petit theft conviction will not alter Duncan's recommended guidelines sentence of four and one-half to five and one-half years.
Affirmed in part; reversed in part.
CAMPBELL and LEHAN, JJ., concur.