ON MOTION FOR REHEARING, MOTION FOR REHEARING EN BANC AND/OR MOTION FOR CERTIFICATION OF QUESTION
PER CURIAM.
Appellee moved for rehearing and rehearing en banc,[1] which we granted. *2 While this case was being considered en banc, the Florida Supreme Court issued its opinion in Carawan v. State, 515 So.2d 161 (Fla.1987), which is determinative. All of the judges on this court agree that both of Blankenship’s convictions arising out of his single act of inflicting a stab wound in the chest of one victim with a gasket scraper, cannot stand. One conviction and sentence must be vacated, based on the “single evil” test espoused in Carawan. However, this court is equally divided (3 to 3) as to how to apply Carawan to this case.
Blankenship was convicted of attempted third degree murder[2] and aggravated battery.[3] Although both crimes theoretically involve different elements, and might pass the Blockburger test,[4] had the legislature expressly addressed this issue, the rule of lenity relied upon in Carawan leads us to the conclusion that multiple punishments were not intended in this factual scenario. See also, State v. Boivin, 487 So.2d 1037 (Fla.1986).
In this case, the trial judge sentenced Blankenship to a shorter term (2 years) for the more serious offense (aggravated battery) and five years for the less serious offense (attempted third degree murder). Three of our judges, Chief Judge Up-church, Judge Dauksch and Judge Cowart think Blankenship’s conviction for the lesser crime (attempted murder) should be vacated, and the conviction for the greater crime should be affirmed.[5]
The other three judges on this court, Judge Orfinger, Judge Cobb and Judge Sharp acknowledge that affirming the greater crime and striking the lesser was the usual procedure employed by the Florida courts when there was a true double jeopardy situation.[6] However, these three judges think this court should follow the manner in which Carawan deals with parallel convictions for a “single evil,” by remanding to the lower court and allowing it to vacate one or the other conviction. Ca-rawan is not based purely on double jeopardy, and as such either conviction and sentence may be upheld, but not both.[7]
Because this court is equally divided on the disposition of this case, and is unable to break the tie vote pursuant to the En Banc Rule by reference to a prior precedent of this court or the trial judge’s ruling, we have no recourse other than to certify that this cause requires immediate resolution by the Florida Supreme Court, and that it involves a question of great public importance which will have a great effect on the proper administration of justice.[8]
UPCHURCH, C.J., and DAUKSCH, ORFINGER, COBB, SHARP and COWART, JJ., concur.

. Fla.R.App.P. 9.330 & 9.331.

. §§ 782.04(4), 777.04, Fla.Stat. (1985).

. § 784.045(l)(b), Fla.Stat. (1985).

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Barton v. State, 507 So.2d 638 (Fla. 5th DCA 1987); Duncan v. State, 503 So.2d 443 (Fla. 2d DCA 1987); W.J. v. State, 485 So.2d 22 (Fla. 5th DCA 1986); Alexander v. State, 470 So.2d 856 (Fla. 1st DCA), review denied, 480 So.2d 1293 (Fla.1985); Repetti v. State, 456 So.2d 1299 (Fla 2d DCA 1984); Lennear v. State, 424 So.2d 151 (Fla. 5th DCA 1982); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981).

. See, e.g., State v. Pinder, 375 So.2d 836 (Fla.1979), receded from on other grounds, State v. Hegstrom, 401 So.2d 1343 (Fla.1981); Duncan v. State, 503 So.2d 443 (Fla. 2d DCA 1987); Henry v. State, 492 So.2d 485 (Fla 5th DCA 1986); Alexander v. State, 470 So.2d 856 (Fla. 1st DCA), review denied, 480 So.2d 1293 (Fla.1985).

. Incidentally, this is a pragmatic way to avoid the miscarriage of justice which would result were the less serious offense conviction automatically vacated. Unaware of Carawan and the implication of Boivin, since they were yet to be decided, the trial judge gave Blankenship a lesser sentence for the more serious offense— which cannot now be remedied. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969).

. Rule 9.030(a)(2)(B).