HALL, Judge.
The appellant appeals the order adjudicating him delinquent. He contends that the trial court erred in denying his motion for judgment of acquittal of the charge of burglary because the evidence presented by the state was insufficient to convict him of that offense. We agree and reverse.
Petitions were filed against the appellant charging him with the grand theft of a moped, case 86-4386A, and the burglary during which the moped was taken, case *1088 86-5456A. At the hearing on the petitions the appellant pled no contest to the grand theft of a tool box, case 86-4387A, and to a charge of trespass, case 86-5458. The state declared that it would nol-pros the charge of grand theft of a bicycle. However, it erroneously stated the case number for that charge to be 86-4386, which is actually the case number for the charge of grand theft of the moped. The state repeated its error when it filed the nolle prosequi in case 86-4386 a week after the appellant’s hearing. The following evidence regarding the burglary charge was presented.
At about one o’clock in the morning an off duty police officer, who was taking a walk in his neighborhood, observed the appellant holding a tool box on the seat of a moped that several boys were pushing down the street. The officer’s suspicions were aroused because of the boys’ furtive movements, and the officer decided to investigate. As he approached the boys they ran. Only the appellant and one other boy were caught. The owner of the tool box, who had pursued the boys after he had seen them steal the tool box from his carport, arrived at the scene shortly thereafter and identified his tools and the appellant.
An on duty police officer also arrived at the scene. He ran the vehicle identification number of the moped and discovered that the moped had been reported stolen approximately a week before. The appellant denied knowing that the moped had been stolen. He said that his friend, Sam Cas-ner, who was one of the boys walking with the tool box and moped, told him that he had bought the moped from someone with whom he worked. The appellant had seen Casner riding the vehicle around the neighborhood during the previous week.
The state failed to produce any further evidence as to the burglary or the theft of the moped.
The appellant moved for a judgment of acquittal at the close of the state’s case and at the close of all the evidence. The trial judge denied the motions and found the appellant guilty of both the grand theft of the moped and the burglary during which the moped was stolen.
In this appeal the appellant argues that the inference of guilt of commission of a burglary that arises from the fact of possession of recently stolen property cannot be made with regard to him because the moped was not in his exclusive possession and was not recently stolen. Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). The appellant points out that no evidence was presented as to who committed the burglary.
The state argues that the fact that the appellant was in joint possession of the moped, coupled with his flight upon being approached by the officer, is sufficient evidence of his guilt of the grand theft of the moped as well as of the burglary during which the moped was stolen.
We agree with the appellant’s argument. It is exclusive possession of recently stolen goods that gives rise to the inference of guilt of the commission of the burglary during which the goods were stolen. Ridley. Neither of these factors is present in the instant case. Furthermore, although the appellant’s flight upon being approached by the officer may provide evidence of consciousness of guilt of the theft of the tool box, it cannot be said that it provided such evidence with regard to the burglary, or with regard to the grand theft for that matter, committed approximately one week before.
Accordingly, because the evidence was insufficient to prove that the appellant committed the burglary and because the state nol-prossed the charge of grand theft of the moped, we reverse the order adjudicating the appellant delinquent for committing those two offenses. We note that the order lists the case number for the burglary charge, 86-5456A, as well as another case number, 86-5457A, which is not that of the moped theft charge.
We further direct the trial court to amend the order of disposition to reflect the case numbers of the cases to which the appellant entered a plea and to delete the case number for the burglary charge. We note that the order of disposition properly *1089 does not list the case number for the charge of grand theft of the moped.
Reversed and remanded with instructions.
SCHEB, A.C.J., and SCHOONOVER, J., concur.