596 So.2d 766 (1992)
T.S.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1287.
District Court of Appeal of Florida, Fifth District.
April 3, 1992.
*767 James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
A home was burglarized and property stolen from it. The next day the defendant, a juvenile, and another person attempted to pawn some of the stolen property. The defendant was charged with burglary (§ 810.02, Fla. Stat.) and grand theft (§ 812.014, Fla. Stat.) and dealing in stolen property (§ 812.019, Fla. Stat.). The trial judge found the defendant not guilty of the burglary count but guilty of the grand theft and dealing in stolen property counts.
The defendant appeals basically arguing (1) that the circumstantial evidence was insufficient to support his convictions and (2) that his conviction for both grand theft and dealing in stolen property arise from a single criminal episode and therefore he cannot be convicted of both under section 812.025, Florida Statutes.
Although there is no direct physical evidence linking the defendant to the crimes the finder of fact has the right to infer guilt of theft from the unexplained possession of recently stolen goods. S.P.L. v. State, 512 So.2d 1153, 1154 (Fla. 1st DCA 1987); N.C. v. State, 478 So.2d 1142, 1144 (Fla. 1st DCA 1985); State v. Young, 217 So.2d 567, 570 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969), citing Williams v. State, 40 Fla. 480, 25 So. 143 (1898). Section 812.022(2), Florida Statutes, provides that proof of possession of recently stolen property, unless satisfactorily explained, gives rise to the inference that the possessor knew, or should have known, that the property was stolen.
The unexplained possession of recently stolen property is not only sufficient to support a theft conviction but when a burglary necessarily occurs as an adjunct, the inference of guilt from the unexplained possession of the recently stolen goods also supports a conviction for the burglary. See N.C. which cites Ridley v. State, 407 So.2d 1000, 1002 (Fla. 5th DCA 1981), which also holds that the reasonableness of the defendant's explanation for his possession of recently stolen property is a question of fact to be resolved by the fact finder. Accordingly, the circumstantial evidence including the inference from the possession of recently stolen property was sufficient in this case.
The defendant is correct that he cannot be convicted of both grand theft and of dealing in stolen property when the dealing offense related to the same property as the theft offense.[1] The legislature in Florida has expressly provided that convictions for these two offenses are in the alternative and has prohibited convictions for both offenses, when they relate to the same stolen property and the same defendant, in section 812.025, Florida Statutes. See Shearer v. State, 582 So.2d 28 (Fla. 5th DCA 1991); W.J. v. State, 485 So.2d 22 (Fla. 5th DCA 1986); Lennear v. State, 424 So.2d 151 (Fla. 5th DCA 1982); Kelly v. State, 397 So.2d 709 (Fla. 5th DCA 1981); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981); Duncan v. State, 503 So.2d 443 (Fla.2d DCA 1987); Repetti v. State, 456 So.2d 1299 (Fla.2d DCA 1984); Victory v. State, 422 So.2d 67 (Fla.2d DCA 1982); Hudson v. State, 408 So.2d 224 (Fla. 4th DCA 1981), G.M. v. State, 410 So.2d 659 (Fla.3d DCA 1982).
As explained in Ridley, because the dealing offense is a felony of the second degree and subject to greater punishment than the grand theft offense involved in this case, which is a third degree felony, we reverse the theft conviction and uphold the conviction *768 of dealing in stolen property (§ 812.019, Fla. Stat.).[2]
AFFIRMED in part; REVERSED in part.
GOSHORN, C.J., and COBB, J., concur.
NOTES
[1] This error is not a violation of the constitutional double jeopardy prohibition. Because the underlying "evil" sought to be prohibited is entirely different in each of these two offenses, each is a separate "core" offense and the legislature could provide for separate convictions and punishments for the same offenses even if the dealing offense related to the same property that was the subject of the theft offense.
[2] We note the irony, if not inconsistency, in holding that the inference that arises from the unexplained possession of recently stolen property can support a circumstantial evidence case relating to theft and burglary (which are necessary to there being stolen property  which is an essential element of the dealing offense), yet the trial court found the defendant not guilty of the burglary and we now set aside the theft offense while upholding the "dealing" offense. If the defendant had been convicted of both the burglary and theft offenses, which two offenses are consistent (and the conviction of both is not prohibited by statute), punishment for both offenses would be greater than that for the one "dealing" offense, in which event it would be more logical (and consistent with the inference of guilt arising from the unexplained possession of recently stolen property) to uphold the burglary and theft offenses and set aside the conviction for the "dealing" offense under the rationale of Ridley. See also State v. Barton, 523 So.2d 152 (Fla. 1988).