611 So.2d 100 (1992)
Andrew GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3060.
District Court of Appeal of Florida, First District.
December 31, 1992.
Angela L. Jacobs, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Andrew Gray, challenges his convictions and sentences for dealing in stolen property and grand theft. He argues that the trial court erred by denying his motion for judgment of acquittal, by convicting and sentencing him for both crimes, contrary to Section 812.025, Florida Statutes, and by including a juvenile adjudication that was more than three years old when computing his guideline sentence. *101 We affirm in part and reverse and remand in part.
First, our review of the record discloses that the state presented sufficient evidence to establish a prima facie case as to both offenses. The trial court therefore properly denied appellant's motion for judgment of acquittal, and we affirm as to this issue.
Second, while Section 812.025, Florida Statutes (1989), allows the state to charge in a single indictment or information both grand theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, the statute prohibits the trier of fact from returning a guilty verdict on both counts. Here, the charging document and the record evidence reflect that the offenses were part of one scheme or course of conduct; therefore, the trial court erred by imposing separate adjudications of guilt upon appellant for both grand theft and dealing in stolen property. See Daniels v. State, 422 So.2d 1024 (Fla. 1st DCA 1982); Kelly v. State, 397 So.2d 709 (Fla. 5th DCA 1981). Accord Hudson v. State, 408 So.2d 224 (Fla. 4th DCA 1981) (section 812.025 prohibited convictions for both grand theft, charged under the 1977 statutes, and dealing in stolen property, charged under the 1979 statutes). Appellant's conviction and sentence for third-degree grand theft, the lesser of the two crimes,[1] are therefore vacated.
Third, Florida Rule of Criminal Procedure 3.701(d)(5)(c) provides that only juvenile offenses occurring within three years of the primary offense should be included in the prior record when calculating a defendant's guidelines sentencing score. Here, the trial court erroneously included a juvenile offense that was more than three years old while determining appellant's sentence, and the state has conceded the error. Because the scoring error results in a lower cell score, appellant's dealing in stolen property sentence must be reversed and the case remanded for resentencing after recalculation of the scoresheet. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla. 1991).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this decision.
WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] See §§ 812.014(2)(c)(1) & 812.019(1), Fla. Stat. (Supp. 1990 & 1989).