657 So.2d 3 (1995)
Kennis Lee SCHUMMER, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 94-635.
District Court of Appeal of Florida, First District.
March 17, 1995.
Rehearing Denied April 28, 1995.
Nancy A. Daniels, Public Defender and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen. and Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee/cross-appellant.
PER CURIAM.
We have for review the appeal of Kennis Lee Schummer (Schummer), and the cross-appeal of the State. The jury found Schummer guilty of both dealing in stolen property and petit theft, despite that section 812.025, Florida Statutes (1991), permits a guilty verdict on one or the other, but not both. We affirm the conviction for dealing in stolen property, but vacate the conviction for petit theft, and remand for correction of sentence to reflect that the petit theft conviction is vacated. Day v. State, 531 So.2d 426 (Fla. 1st DCA 1988); Alexander v. State, 470 So.2d 856 (Fla. 1st DCA), review denied, 480 So.2d 1293 (Fla. 1985).
The trial judge imposed a downward-departure sentence, without giving written reasons for the departure, based on a scoresheet which included points for offenses committed after the instant offenses. We remand for correction of the scoresheet; after-committed offenses may not be scored on the scoresheet for the instant crimes. Stephens v. State, 559 So.2d 687 (Fla. 1st DCA 1990), approved, 572 So.2d 1387 (Fla. 1991). A guidelines sentence shall be imposed based upon the corrected scoresheet, as written reasons were not provided for Schummer's downward departure sentence. Pope v. State, 561 So.2d 554 (Fla. 1990).
We affirm in all other respects.
Affirmed in part, reversed in part, and remanded.
BOOTH, LAWRENCE and VAN NORTWICK, JJ., concur.