688 So.2d 419 (1997)
Frank GOLDEN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 95-1908.
District Court of Appeal of Florida, First District.
February 20, 1997.
Nancy A. Daniels, Public Defender; Jean R. Wilson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.

*420 ON MOTION FOR CLARIFICATION, MOTION FOR REHEARING, MOTION FOR REHEARING EN BANC AND MOTION TO CERTIFY

MICKLE, Judge.
On appellant's motion for clarification, we withdraw our original opinion of November 19, 1996, and substitute the following opinion in its stead. The requests for rehearing and certification are otherwise denied.
Frank Golden, Jr., challenges his convictions and sentences for burglary of a dwelling, grand theft, and dealing in stolen property. We affirm in part, reverse in part, and remand as set forth below.
As appellant's first issue, he asserts that his absence from the sidebar conferences when peremptory challenges to the jury were exercised was reversible error where the trial court failed to make an affirmative determination as to whether he knowingly, intelligently, and voluntarily waived his presence at sidebar, or as to whether he voluntarily and intelligently ratified the jury chosen, as required by Coney v. State, 653 So.2d 1009 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). The trial transcript reflects that appellant was in the courtroom during voir dire proceedings and that several bench conferences took place. However, because it was not apparent from the transcript whether appellant was physically present at the bench conferences, or whether he conferred with counsel when peremptory challenges were exercised, jurisdiction was relinquished in this cause for the purpose of supplementation of the record with a reconstruction of the bench conference proceedings. The reconstructed record filed with this court consists of affidavits executed by defense counsel and the prosecutor, and an order entered by the trial judge based upon these affidavits. In the order, the trial judge found that appellant was not present at sidebar for the exercise of peremptory challenges, but that, during the course of peremptory challenges, defense counsel consulted with appellant about which jurors would be challenged. Applying this court's harmless error analysis espoused in Mejia v. State, 675 So.2d 996 (Fla. 1st DCA 1996) (Coney error is harmless where it is apparent from the record that the defendant consulted with counsel prior to the exercise of peremptory challenges and, thus, had the opportunity to participate in a meaningful way in the selection of the jury), we conclude that no reversible error has been demonstrated.
As to appellant's second issue, the state concedes error in the imposition of separate adjudications of guilt both for grand theft and dealing in stolen property where the charging document and record evidence reflect that the offenses were part of one scheme or course of conduct. We affirm the conviction for dealing in stolen property, but vacate the conviction for grand theft, and remand for correction of the sentence to reflect that the grand theft conviction is vacated. See Schummer v. State, 657 So.2d 3 (Fla. 1st DCA 1995); Parnell v. State, 661 So.2d 128 (Fla. 1st DCA 1995); Gray v. State, 611 So.2d 100 (Fla. 1st DCA 1992).
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN and MINER, JJ., concur.