PER CURIAM.
Henry Hardy appeals his convictions and sentences for armed robbery and grand theft. Hardy alleges, pursuant to Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), that the trial court erred by failing to obtain a valid waiver of his right to be present at the bench where defense counsel exercised peremptory challenges. He also points out that the trial court inadvertently entered two judgments on the grand theft charge. We affirm appellant’s convictions on the Coney issue, but remand to strike one of the grand theft judgments.
The court in Coney indicated the trial court should make an affirmative inquiry in order to determine whether a criminal defendant makes a knowing and intelligent waiver of his right to be physically present at the immediate site where peremptory challenges are exercised. As Justice Overton explained in his concurring opinion in Coney, the rationale behind requiring the defendant’s presence during peremptory strikes is to ensure that the defendant has knowledge of the proceedings and is always readily available to counsel for input into critical decisions affecting the case. 653 So.2d at 1015. When a defendant actively participates in or has the opportunity to consult with counsel during jury selection, this purpose is fulfilled, and a trial court’s failure to obtain a Coney waiver *1228 results in harmless error. See Anderson v. State, 22 Fla. L. Weekly D736 (Fla. 5th DCA March 21, 1997); Golden v. State, 688 So.2d 419 (Fla. 1st DCA 1997).
The record in the instant case demonstrates that defense counsel was permitted to consult Hardy concerning jury selection before counsel accepted the panel. Moreover, their discussion resulted in one venireper-son’s exeusal. Based on the record, we find that Hardy exercised his right to participate in the process of jury selection; therefore, his absence from the bench during peremptory challenges was harmless error.
We strike the judgment for grand theft entered on November 29, 1995, because a judgment for the same grand theft charge was entered on October 25, 1995. In all other respects, the judgments and sentences are affirmed.
DANAHY, A.C.J., and QUINCE and WHATLEY, JJ., concur.