WETHERELL, J.
Appellant, David Devon Blackmon, seeks review of his convictions for both petit theft and dealing in stolen property, as well as the revocation of his probation based upon the new law offenses of burglary and theft. Blackmon raises three issues on appeal, only one of which merits discussion: whether the trial court committed fundamental error by convicting him of both petit theft and dealing in stolen property where the offenses involved the same property and arose from the same course of conduct. We affirm the other issues without further comment, and for the reasons that follow, we reverse Blackmon’s conviction for petit theft and remand with directions that the trial court vacate that conviction.
On November 23, 2009, employees at W.D. Rogers Mechanical Contractor (WD.Rogers) cut, beveled, and marked approximately 14 steel bars. At 3:30 p.m., the shop closed. When the shop reopened at 7:30 a.m. the next morning, employees discovered that the steel bars were missing. Evidence existed of a burglary: the barbed wire on top of the 6-foot chain-link fence had been pushed down, the bushes below the fence were broken, footprints were on the sides of the metal racks, and the ground showed marks where the bars had been thrown over the fence and stuck in the ground. The steel bars were later found at a local scrap yard. The scrap yard purchased the steel bars from Black-mon on November 24, 2009, at 8:02 a.m. The scrap yard paid Blackmon $61.80 for the bars. Based on the markings on the bars, W.D. Rogers confirmed that the bars sold to the scrap yard were the same bars stolen from the shop.
The state charged Blackmon with burglary, petit theft, and dealing in stolen property. At trial, Blackmon testified that, on his way home from work in the *345 early morning hours of November 24, he saw some steel bars lying on the side of the road; that the bars were still by the road later that morning when he walked his son to the bus stop at 6:00 a.m.; that he picked up the bars and took them to the scrap yard when they opened; and that, although he noticed the markings on the bars, he thought that the bars were simply junk. At the close of the evidence, Black-mon moved for a judgment of acquittal, arguing that the state did not present evidence to rebut this explanation for his possession of the steel bars. The trial court denied the motion.
The trial court did not instruct the jury that it could not return a guilty verdict for both theft and dealing in stolen property pursuant to section 812.025, Florida Statutes (2009), and Blackmon did not request such an instruction. The jury found Blackmon guilty of both petit theft and dealing in stolen property, but acquitted him of burglary. The trial court thereafter adjudicated Blackmon guilty of both offenses. The trial court also found Black-mon in violation of his probation based on the new law offenses of burglary and theft.
The trial court sentenced Blackmon to time served on the petit theft count and five years in prison on the dealing in stolen property count. Blackmon was also given a concurrent five-year sentence for the violation of probation. The prison sentence was based on a Criminal Punishment Code Scoresheet that scored petit theft as an additional offense (0.2 points). The lowest permissible prison sentence under the scoresheet was 28.85 months.
Blackmon is not precluded from challenging his dual convictions for petit theft and dealing in stolen property on appeal even though he did not raise an objection below. See Rhames v. State, 473 So.2d 724, 727 (Fla. 1st DCA 1985) (holding that defendant not precluded from raising section 812.025 issue on appeal even though no objection was made below because, based on the prohibition in the statute, conviction of both theft and dealing in stolen property would be analogous to being convicted of nonexistent crime); see also Aversano v. State, 966 So.2d 493, 496 (Fla. 4th DCA 2007) (stating that it was fundamental error for the trial court not to instruct the jury on its obligation under section 812.025). Our review of this issue is de novo. See Croom v. State, 36 So.3d 707, 709 (Fla. 1st DCA 2010) (stating that de novo standard of review applies to claims of fundamental error); Beckham v. State, 884 So.2d 969, 970 (Fla. 1st DCA 2004) (same).
Section 812.025, Florida Statutes, provides that:
a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
In construing this statute, the Florida Supreme Court explained:
The linchpin of section 812.025 is the defendant’s intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both.
Hall v. State, 826 So.2d 268, 271 (Fla.2002). The state concedes that the trial court fundamentally erred in convicting Blackmon of both petit theft and dealing in stolen property. The state contends that the proper remedy for this error is for the petit theft conviction to be vacated. Blackmon, however, argues that the proper remedy is a new trial.
*346 In support of his argument, Blackmon relies on Kiss v. State, 42 So.3d 810 (Fla. 4th DCA 2010). In that case, a jury found the defendant guilty of three counts of dealing in stolen property and one count of grand theft of the same property and in the same course of conduct. Id. at 811. On appeal, the defendant argued that the trial court fundamentally erred by failing to instruct the jury that, pursuant to section 812.025, it could not return a guilty verdict on both grand theft and dealing in stolen property. Id. The defendant argued that the trial court did not cure this error by adjudicating him guilty of only the dealing in stolen property count and, therefore, he was entitled to a new trial. Id. The Fourth District agreed and remanded for a new trial. Id. The court reasoned that the failure to instruct the jury on its obligation under section 812.025 prejudiced the defendant because, if properly instructed, the jury could have found the defendant guilty of only theft, the lesser offense. Id. at 813; see also id. at 811 (quoting Anderson v. State, 2 So.3d 303, 304 (Fla. 4th DCA 2008) (Klein, J., specially concurring) (“If the jury had followed the statute, and was required to choose, it might well have returned a verdict only on the theft charge.”)). Accord Aversano, 966 So.2d at 497 (stating in dicta that “Hall and a plain reading of [section 812.025] make it clear that the state was not entitled to have a jury convict [the defendant] of both [grand theft and dealing in stolen property] counts and then have the trial court adjudicate her guilty of grant theft”).
Kiss certified conflict with the Fifth District’s decision in Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981), where the court held that the proper remedy for the trial court’s failure to instruct the jury that it could not return guilty verdicts for both trafficking in stolen property and grand theft arising out of the same scheme or transaction was to vacate the conviction for the lesser offense. This court followed Ridley in Alexander v. State, 470 So.2d 856 (Fla. 1st DCA 1985), and we have continued to adhere to that decision. See, e.g., Drew v. State, 861 So.2d 110 (Fla. 1st DCA 2003); Day v. State, 793 So.2d 68 (Fla. 1st DCA 2001); Golden v. State, 688 So.2d 419 (Fla. 1st DCA 1997); Schummer v. State, 657 So.2d 3 (Fla. 1st DCA 1995); Gray v. State, 611 So.2d 100 (Fla. 1st DCA 1992); Day v. State, 531 So.2d 426 (Fla. 1st DCA 1988).
In Alexander, the defendant was charged with grand theft of an outboard motor and trafficking in stolen property for selling the same motor. See 470 So.2d at 856. The jury returned a guilty verdict on both counts. Id. At the sentencing hearing, the state agreed with the defendant’s argument that the trial court erred in failing to instruct the jury that it could only return a guilty verdict on one of the counts. Id. at 857. As a result, the trial court vacated the adjudication of guilt as to the grand theft charge and sentenced the defendant only on the trafficking charge. Id. On appeal, this court expressly rejected the same argument that Black-mon presents in this case, i.e., that the failure to instruct the jury that it cannot return a guilty verdict for both theft and dealing in stolen property can only be corrected by the award of a new trial. Id. In doing so, we quoted from Ridley, where the court observed that as a result of the trial court’s failure to properly instruct the jury, “this court, rather than the jury, must now relieve appellant of one of the two convictions.... ” Id. (quoting Ridley, 407 So.2d at 1002).
There is some attraction to the Fourth District’s reasoning in Kiss because section 812.025, by its terms, imposes an obligation on the trier of fact (here, the jury), not the trial court. Nevertheless, we dis *347 agree with Kiss that the proper remedy for the trial court’s failure to instruct the jury on section 812.025 is a new trial. Rather, consistent with Alexander, we conclude that the proper remedy is for the conviction of the lesser offense to be vacated. Indeed, as the Fourth District observed in a pre-i&s decision, this is the remedy “routinely imposed under these circumstances.” Anderson, 2 So.3d at 304 (citing prior cases from the Second, Fourth, and Fifth Districts). In our view, this remedy better respects the jury’s determination that the state met its burden to prove the greater offense and also avoids the need to speculate what verdict the jury might have returned had it been required to choose between the greater and lesser offenses. Moreover, in this case, we have no trouble concluding that the jury would have found Blackmon guilty of dealing in stolen property had it been required to choose between that offense and petit theft because the evidence established that Blackmon did not steal the bars for his personal use, but rather that he sold the stolen bars at his earliest opportunity. See Hall, 826 So.2d at 271 (explaining that the crime of dealing in stolen property is directed towards thieves who knowingly deal in the redistribution of stolen property to others, whereas the theft statute is directed towards those persons who steal for personal use and for who redistribution is merely incidental to the normal use of the property).
The remedy of vacating the lesser offense is also consistent with the remedy directed by the Florida Supreme Court in Hall. The defendant in that case was charged with, among other things, grand theft and dealing in stolen property. See 826 So.2d at 269. The defendant pled nolo contendere to those charges. Id. The trial court accepted the plea and adjudicated the defendant guilty of both offenses. Id. On appeal, the defendant argued that the trial court erred when it adjudicated him guilty of both offenses in violation of section 812.025. Id. The Fourth District affirmed, concluding that the statute did not apply when the defendant entered a plea of nolo contendere. Id. at 270.
On review, the Florida Supreme Court quashed the Fourth District’s decision. Id. at 272. The court reasoned that:
Section 812.025 allows the State to charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate said property to his own use or to the use of a person not entitled to the use of the property or whether the defendant traffics or endeavors to traffic in the stolen property.... Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea of nolo contendere to both counts-Thus, we find that section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo con-tendere.
Id. at 271. Notably, the supreme court did not construe section 812.025 to preclude a defendant from entering pleas to both theft and dealing with stolen property; rather, the court construed the statute to prohibit the trial court from adjudicating a defendant guilty of both offenses. As a result, the court remanded not to allow the defendant to withdraw his pleas, but rather with directions that either the grand theft count or the dealing in stolen property count be reversed and that the defendant be resentenced on the remaining count. Id. at 272.
*348 Accordingly, pursuant to Alexander, and consistent with Hall, we reverse Black-mon’s conviction for petit theft and remand with directions that the trial court vacate that conviction. Resentencing is unnecessary in this case because the record shows that the trial court would have imposed the same sentence for dealing in stolen property under a corrected score-sheet. See State v. Anderson, 905 So.2d 111, 115-16 (Fla.2005) (holding that score-sheet error requires resentencing unless record conclusively shows that same sentence would have been imposed using correct scoresheet). We also certify conflict with Kiss regarding the proper remedy when, contrary to section 812.025, the defendant is convicted of both theft and dealing in stolen property.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
DAVIS and LEWIS, JJ., concur.