PER CURIAM.
While the appellant was on probation for crimes not at issue in this appeal, the State charged him with new substantive offenses: one count of felony petit theft and one count of dealing in stolen property. §§ 812.014(l)(a)-(b), (3)(a), (c); 812.019(1), Fla. Stat. (2008). At the trial, the court read the standard jury instructions concerning theft and dealing in stolen property and informed the jury that a finding of guilty or not guilty as to one crime must not affect its verdict as to the other charged crime. The defense announced it was satisfied with the instructions as read. The jury found the appellant guilty of both petit theft and dealing in stolen property, and the trial court sentenced him on the new offenses as well as on those prior crimes for which he was on probation. Ruling on the appellant’s Florida Rule of Criminal Procedure 8.800(b)(2) motion to correct sentence, the trial court struck the habitual felony offender (HFO) designation from the petit theft conviction and, having *501 received certified, qualifying prior felony judgments and sentences pursuant to section 775.084(l)(a), Florida Statutes (2008), resentenced him to a five-year HFO sentence for dealing in stolen property and to a concurrent five-year non-HFO sentence for petit theft.
The appellant contends that section 812.025, Florida Statutes (2008), precludes him from being convicted and sentenced for both petit theft and dealing in (the same) stolen property by trafficking involving one criminal scheme or continuing course of conduct, and that he is entitled to a new trial pursuant to Kiss v. State, 42 So.3d 810 (Fla. 4th DCA 2010) (concluding that the trial court’s unchallenged failure to instruct the jury that it could return guilty verdicts on dealing in stolen property or grand theft of the same property, but not both, was fundamental error where the acts involved one scheme or course of conduct, and that merely striking the grand theft charge and sentencing the defendant only on the stolen property counts could not cure the error).
In accordance with the controlling precedents in our own district, we affirm the conviction and HFO sentence for dealing in stolen property, but vacate the conviction and sentence for petit theft and remand for the trial court to correct the judgment and sentence accordingly. See, e.g., Blackmon v. State, 58 So.3d 343 (Fla. 1st DCA 2011) (certifying conflict with Kiss regarding the proper remedy); C.E.C. v. State, 884 So.2d 421 (Fla. 1st DCA 2004); Day v. State, 793 So.2d 68 (Fla. 1st DCA 2001); Smith v. State, 789 So.2d 521 (Fla. 1st DCA 2001); Schummer v. State, 657 So.2d 3 (Fla. 1st DCA 1995); Alexander v. State, 470 So.2d 856 (Fla. 1st DCA 1985). Accord Bishop v. State, 718 So.2d 890 (Fla. 2d DCA 1998); T.S.R. v. State, 596 So.2d 766 (Fla. 5th DCA 1992); Duncan v. State, 503 So.2d 443 (Fla. 2d DCA 1987); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981).
AFFIRMING the judgment and sentence for dealing in stolen property, VACATING the conviction and sentence for petit theft, and remanding for the trial court to make the appropriate corrections.
WOLF, THOMAS, and ROWE, JJ., concur.