422 So.2d 67 (1982)
Roger VICTORY, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1608.
District Court of Appeal of Florida, Second District.
November 17, 1982.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The defendant stole some tractor-trailers in Pasco County. On the same date, he took the trailers to Manatee County and sold them to Ramon Garcia for $4,500 in cash and a $3,000 note. The defendant was convicted of grand theft in Pasco County.
*68 This appeal arises from Manatee County, where the defendant was charged with dealing in stolen property and grand theft. The grand theft charge was based on the defendant's obtaining money and a note from Garcia by falsely representing that he had clear title to the trailers. The defendant's motion to dismiss the charges in Manatee County was denied. The defendant then pled nolo contendere reserving his right to appeal the denial of the motion to dismiss. We affirm in part and reverse in part.
Section 812.025, Florida Statutes (1981), forbids convictions for both theft and dealing in stolen property in connection with one scheme or course of conduct. The defendant having been convicted of grand theft in Pasco County, he may not also be convicted in Manatee County for the offense of dealing in the property stolen. Kelly v. State, 397 So.2d 709 (Fla. 5th DCA 1981). We reverse as to that conviction.
However, we see no impediment to the conviction in Manatee County for grand theft based upon the fact that the defendant obtained Garcia's money and note by falsely representing that he had clear title to the trailers. Section 775.021(4), Fla. Stat. (1981); Borges v. State, 415 So.2d 1265 (Fla. 1982). Therefore, we affirm the grand theft conviction.
REVERSED in part and AFFIRMED in part.
HOBSON, A.C.J., and GRIMES, J., concur.