CAMPBELL, Judge.
Appellant appeals his revocation of probation and the judgment and sentence imposed on him for his underlying conviction of both grand theft and dealing in *512 stolen property. Appellant’s first point concerns the sufficiency of the evidence to support the violation of his terms of probation. We find there was sufficient evidence to support the trial court and affirm on that ground.
Appellant’s second point argues that section 812.025, Florida Statutes (1981), prevents the state from convicting him for both grand theft and dealing in stolen property where he is charged with both in the same information and both charges involve the same property. We also affirm on this ground.
On May 28, 1982, appellant was charged, with others, in a three-count information. Count I charged them with grand theft of certain property on two separate days. In count III, they were charged with dealing in that property on other days. Appellant pled nolo contendere to all counts on July 8, 1982, adjudication of guilt was withheld and he was placed on probation. On August 13, 1982, he was charged with violating his probation. As a result, on October 26, 1982, he was adjudicated guilty of all underlying charges and his probation extended. On February 9, 1983, he was again charged with violation of probation. His probation was then revoked and he was sentenced on both his previous adjudications of guilt of grand theft and dealing in stolen property. Appellant argues error in that on the face of the information, both charges dealt with the same property and, under Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982), he cannot be convicted for both offenses because of the prohibition of section 812.025. Victory is factually distinguishable since there was evidence that one scheme or course of conduct, as prohibited by section 812.025, was involved. Here, we have nothing in the record before us to disclose any facts as to the underlying crimes, except that the same property was involved on dates in close proximity with each other. Any inference derived from the fact that the same property was involved on dates in close proximity with each other is not enough to make void the previous adjudications of guilt based on the prior nolo contendere pleas. An appeal from an order revoking probation may only review proceedings subsequent to the order of probation. Deaver v. State, 326 So.2d 222 (Fla. 2d DCA 1976); Burgess v. State, 194 So.2d 698 (Fla. 2d DCA 1967). We are unwilling to create a presumption that section 812.-025 prohibits a conviction of theft and dealing in stolen property simply because the same property is involved on dates in close proximity with each other when there is no other evidence of one scheme or course of conduct before the trial court at the time of the finding of guilt of the offenses. To the extent that Kelly v. State, 397 So.2d 709 (Fla. 5th DCA 1981) can be construed to hold differently, we are in conflict. Williams v. State, 404 So.2d 1165 (Fla. 2d DCA 1981) involves a finding as to the same course of conduct being involved in the two charges and is, thus, also factually distinguishable.
Affirmed.
OTT, C.J., and BOARDMAN, J., concur.