446 So.2d 1157 (1984)
Michael Anthony RIFE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82-2373 to 82-2375.
District Court of Appeal of Florida, Second District.
March 14, 1984.
*1158 Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
The trial court adjudicated Michael Anthony Rife guilty of and sentenced him for both grand theft and dealing in stolen property. We reverse and set aside the grand theft conviction and sentence as violative of section 812.025, Florida Statutes (1981).
Section 812.025 prohibits a defendant from being found guilty of both grand theft and dealing in stolen property where the two offenses arose from one scheme or course of conduct.
In the instant case, the informations charged defendant with stealing a boat and a motor belonging to Richard Fernandez on February 25, 1981, and dealing the same property on the same date. The factual basis recited by the assistant state attorney at the plea hearing essentially tracked the allegations contained in the informations. Without something more to meaningfully disrupt the flow by a clearly disjunctive interval of time or set of circumstances, defendant's conviction of and sentence for grand theft must be set aside. See Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982); Williams v. State, 404 So.2d 1165 (Fla. 2d DCA 1981).
We do not mean to infer and do not read section 812.025 to prohibit convictions of both grand theft and dealing in stolen property in all situations where the same property is involved. Cf. Cleaves v. State, 450 So.2d 511 (Fla. 2d DCA 1984). The statutory prohibition against dual convictions only extends to the theft and dealing in stolen property "in connection with one scheme or course of conduct." The state may be able to prove that the theft of property and sale of that same property are distinct and unrelated criminal incidents. But cf. Kelly v. State, 397 So.2d 709 (Fla. 5th DCA 1981).
We vacate and set aside the conviction and sentence on the grand theft charge. In all other respects, the judgment and sentences are affirmed.
BOARDMAN and CAMPBELL, JJ., concur.