PER CURIAM.
This appeal follows our opinion in Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992). Appellant had been adjudicated guilty and sentenced for both dealing in stolen property and grand theft. Only one adjudication and sentence is proper when these two charges stem from a single “scheme or course of conduct.” Rife v. State, 446 So.2d 1157 (Fla. 2d DCA 1984); § 812.025, Fla. Stat. (1991).
After remand the trial court vacated the sentence imposed for grand theft, but left standing the conviction. This decision, which is not in compliance with our mandate, appears to have been motivated by a desire to leave intact a provision, included within the prior judgment and sentence, requiring the payment of restitution. As pointed out in the state’s brief, the victim’s entitlement to restitution is not jeopardized by vacating the theft conviction. Under section 775.089(l)(a), Florida Statutes (1991), a sentencing court must award restitution, where applicable, “[i]n addition to any punishment.” Florida Rule of Criminal Procedure 3.986(g) indicates that a separate order, i.e., one distinct from the standardized judgment/sentence forms, may be utilized for this purpose.
*1066 We remand this case with directions to vacate appellant’s conviction for grand theft. Appellant will not be prejudiced by entry of a separate restitution order, and need not be present for that purpose so long as the amounts or terms of payment do not vary from the original provision awarding restitution.
Reversed.
FRANK, C.J., DANAHY and PARKER, JJ., concur.