687 So.2d 916 (1997)
STATE of Florida, Appellant,
v.
John Allen DASHER, Appellee.
No. 96-1501.
District Court of Appeal of Florida, Fifth District.
January 31, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellant.
Tad Kokoszka, Cocoa, for Appellee.
W. SHARP, Judge.
The state appeals from an order granting Dasher's motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We reverse with directions to vacate the conviction and sentence imposed for petit theft[1] in the underlying case.
On March 5, 1991, Dasher was convicted of burglary,[2] petit theft,[3] and trafficking in stolen property[4] and obstruction.[5] He was sentenced to seven years as an habitual offender on count I (burglary), to time served on counts II and IV (petit theft and obstruction), and fifteen years probation on count III (trafficking), to be served consecutively to count I.
He filed a motion on April 30, 1996, to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800. The trial court ruled Dasher could not be sentenced for both petit theft and trafficking in stolen property pursuant to section 812.025, Fla.Stat. (1995). That section provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstance, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
Accordingly, the trial court struck the sentence Dasher had been given, for the trafficking countfifteen years probation.
The state concedes that Dasher was improperly convicted of both petit theft and trafficking pursuant to section 812.025.[6] It is clear from a review of the record that a *917 sentencing error occurred and that Dasher was illegally sentenced. Thus, the motion filed pursuant to rule 3.800 was proper. Dasher is not barred by the two year limitation appurtenant to rule 3.850.
In this case, the trial court should have convicted and sentenced Dasher for the more severe crimetraffickingand dropped the lesser offense of petit theft. Dasher actually received a time-served sentence for the petit theft count (285 days). But that time served sentence was also illegal. Thus, it appears Dasher is not entitled to have the more severe criminal conviction and sentence for trafficking altered in any way. All that is required is to strike and remove the conviction and sentence for petit theft.
REVERSED and REMANDED with directions.
PETERSON, C.J., and GOSHORN, J., concur.
NOTES
[1] § 812.014(1)(a) and (2)(c), Fla.Stat. (1989).
[2] § 810.02(1) and (3), Fla.Stat. (1989).
[3] § 812.014(1)(a) and (2)(c), Fla.Stat. (1989).
[4] § 812.019, Fla.Stat.(1989).
[5] § 843.02, Fla.Stat. (1989).
[6] The statute, however, was passed after his 1991 conviction.