GRIFFIN, J.
David Newland [“Newland”] appeals his judgment and sentence for dealing in stolen property, a second-degree felony, and petit theft, a second-degree misdemeanor arising out of Newland’s theft and subsequent pawning of his roommate’s tools.
*169 Newland correctly contends that his dual convictions for dealing in stolen property and petit theft may not stand. State v. Dasher, 687 So.2d 916, 917 (Fla. 5th DCA 1997); Blair v. State, 667 So.2d 884, 841 (Fla. 4th DCA 1996), approved on other grounds, 698 So.2d 1210 (Fla.1997). Section 812.025, Florida Statutes (1997), entitled “Charging Theft and Dealing in Stolen Property,” provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
The state properly concedes that the conviction for the lesser charge of petit theft should be vacated. Dasher, 687 So.2d at 917; Blair, 667 So.2d at 841.
AFFIRMED in part; REVERSED in part.
COBB and GOSHORN, JJ., concur.