PER CURIAM.
Defendant, Renaud Dubuisson (“defendant”), appeals his convictions for both grand theft and dealing in stolen property. We affirm the conviction and sentence for dealing in stolen property finding no error in the trial court’s denial of the defendant’s motion for mistrial. See Goodwin v. State, 751 So.2d 537 (Fla.1999); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
However, as properly conceded by the State, the record indicates, the trial court inadvertently entered a separate written judgment of conviction for grand theft. During the sentencing hearing, the State correctly advised the trial court that the defendant could not be convicted for both grand theft and dealing in the same stolen property. See Newland v. State, 739 So.2d 168 (Fla. 5th DCA 1999); Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992). The trial court did not impose a sentence on the grand theft count, but a review of the record reveals the judgment for the conviction still stands. Accordingly, we reverse the defendant’s conviction on the grand theft count with instructions to vacate the inadvertently entered judgment. See § 812.025, Fla. Stat. (1999).
Affirmed in part; reversed in part with instructions.