SHARP, W.
In this Anders appeal,[1] the public defender raised as a possible error the fact that Simon’s sentence for both grand theft and dealing in stolen property involving the same property was improper. The state agreed that the dual sentences cannot stand pursuant to section 812.025, Florida Statutes (2001). The statute provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts, (emphasis added).
In this case, Simon was charged with and convicted of grand theft of power tools, and dealing in stolen property (the power tools). He was also charged with and convicted of burglary of a conveyance and defrauding a pawn dealer. He was sentenced on all four charges and the sentences are within the statutory maximum.
In order to save judicial time and effort, we vacate the conviction and sentence for grand theft and affirm the balance of the judgment. See Mohansingh v. State, 824 So.2d 1053, 1054 (Fla. 5th DCA 2002). Simons need not be resentenced because he was sentenced to ten years as an habitual offender for dealing in stolen property, and to probation for two years consecutive to the prison sentence for the other crimes. Thus, our vacating the grand theft sentence of probation will not affect the other three sentences.
AFFIRMED in part; REVERSED in part.
THOMPSON, C.J., and PALMER, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).