884 So.2d 74 (2004)
Jerry WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5770.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*75 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Becuue, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Jerry Wilson appeals his convictions for grand theft and dealing in stolen property following a bench trial. Wilson contends that the circumstantial evidence presented against him at trial was insufficient to rebut his testimony that offered an innocent explanation of his conduct, entitling him to a judgment of acquittal. Wilson also argues that he was improperly convicted of both crimes in connection with the theft of the same property, contrary to the provisions of section 812.025, Florida Statutes (2002), which provide that a defendant may be found guilty of either theft or dealing in stolen property, but not both, when those charges relate to "one scheme or course of conduct." We conclude that the evidence against Wilson was sufficient to support the dealing in stolen property charge. We conclude, however, that, as the State concedes, it was improper for Wilson to be convicted of both offenses in connection with the theft of the same property. Consequently, we reverse the grand theft conviction.

I. BACKGROUND
At Wilson's bench trial, the State presented testimony that certain stereo equipment had been stolen in a residential burglary. The State also presented testimony from a pawn shop employee that two stereos taken during the burglary were pawned just hours after the probable time of the burglary. The pawn shop employee testified that the person who pawned these items was Wilson. The testimony reflected that Wilson had made no effort to conceal his identity during the transaction.
Wilson did not dispute that he had pawned the items, but he adamantly denied having knowledge that the property was stolen. In his defense, Wilson testified that the stolen property in question had been given to him by a person that he knew only by the name of "Bob" or "Uncle Bob." Wilson claimed that Bob was an individual Wilson had known for three or four years who had fallen upon hard times and needed a place to stay. Wilson stated that he agreed to let Bob reside with him, but only if Bob helped with the rent. Wilson claimed that Bob reneged on his promise to help pay rent and that, after about two weeks of nonpayment, Wilson delivered an ultimatum to Bob to either pay or move out. Wilson alleged that, in response to this ultimatum, Bob gave him the stolen stereo equipment in lieu of rent. Wilson testified that Bob explained his possession of this stereo equipment by stating that it was his and he had been storing it at a friend's house after leaving his last residence.
Wilson also claimed that he had identified Bob for police and that Bob had been arrested as a result. This testimony conflicted with the testimony of a detective who had investigated the burglary that the police had never been able to identify or contact Bob. The defense also presented testimony from another detective that another person (who was not alleged to be Bob) was arrested for using credit cards that were stolen in the same burglary.
The trial court found Wilson guilty of grand theft and dealing in stolen property. He was acquitted of charges of burglary and providing false information to a pawn broker. He was sentenced to two years of probation.

*76 II. JUDGMENT OF ACQUITTAL
On appeal, Wilson relies on the principle stated in Bradford v. State, 460 So.2d 926, 931 (Fla. 2d DCA 1984), that "where the only proof of guilt is circumstantial, a conviction may not be sustained no matter how strongly the evidence may suggest guilt, unless the evidence is inconsistent with any reasonable hypothesis of innocence." See also State v. Law, 559 So.2d 187, 188 (Fla.1989). Wilson contends that he was entitled to a judgment of acquittal because the only evidence against him was circumstantial and his testimony set forth a reasonable hypothesis of innocence that was not rebutted by the State. While we acknowledge that the evidence that Wilson knew the property was stolen was circumstantial, we do not agree that he was entitled to a judgment of acquittal.
Section 812.022(2), Florida Statutes (2002), provides that "[p]roof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen."
This court has previously examined the application of section 812.022(2) in Coleman v. State, 466 So.2d 395 (Fla. 2d DCA 1985), a case with distinct similarities to the instant case. In Coleman, the defendant testified and offered an innocent explanation for his possession of recently stolen sailboat parts. This court stated that
where a defendant gives a patently reasonable explanation for his possession of recently stolen goods which is totally unrefuted, and there is no other evidence of guilt, the court must direct a judgment of acquittal. If, on the other hand, the explanation is only arguably reasonable or if there is any evidence which places it in doubt, the court should permit the jury to make the decision.
Id. at 397. We affirmed the defendant's convictions, noting that
[the defendant], whose credibility was impeached by his admission that he had been convicted of three prior felonies, was found trying to sell the stolen items just a few hours after they had been stolen. To accept [the defendant's] explanation, it would have to be assumed that someone went to the trouble to steal the sailboat parts from fenced-in premises and yet discarded them in a dumpster shortly thereafter. Moreover, [the defendant] provided no corroboration for his statement that he was in the junk business. The jury was entitled to conclude that [the defendant's] explanation was unsatisfactory.
Id.; see also Haugabrook v. State, 827 So.2d 1065, 1068-69 (Fla. 2d DCA 2002).
We conclude that Wilson's explanation wasat bestonly "arguably reasonable" and was not "patently reasonable." Coleman, 466 So.2d at 397. We reach this conclusion because there was a very significant discrepancy between the testimony of Wilson and a detective called as a State witness. Wilson claimed that he identified the person known as "Bob" or "Uncle Bob" for police and that this person was arrested as a result. However, the investigating detective testified that the police were never able to positively identify or contact this person. Further, the defense did not attempt to present any evidence other than Wilson's testimony, such as a booking record, to support his contention that "Bob" or "Uncle Bob" had been apprehended. The conflict between Wilson's testimony and the investigating detective's testimony undermined Wilson's credibility and placed Wilson's story highly in doubt. The trial court, as the trier of fact, therefore "was entitled to conclude that [the *77 defendant's] explanation was unsatisfactory," id., and that the inference arising under section 812.022(2) was unrebutted. See Law, 559 So.2d at 189 (stating that in circumstantial evidence case where defendant has asserted a hypothesis of innocence State is required "only to introduce competent evidence which is inconsistent with the defendant's theory of events").

III. APPLICATION OF SECTION 812.025
Section 812.025 provides that
[n]otwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
The State concedes that this provision precluded Wilson from being convicted of both the dealing in stolen property charge and the grand theft charge. As we noted in Rife v. State, 446 So.2d 1157, 1158 (Fla. 2d DCA 1984), section 812.025 precludes dual convictions for theft and dealing in stolen property only when those charges relate to "one scheme or course of conduct" and thus does not entirely foreclose the possibility of prosecution for both offenses in connection with the same stolen property. However, as was true of the defendant in Rife, Wilson was accused of stealing and selling the same property on the same day. Id. Likewise, nothing in the instant case "meaningfully disrupt[ed] the flow [of Wilson's conduct] by a clearly disjunctive interval of time or set of circumstances." Id. Consequently, we conclude that the State correctly concedes error. The State also correctly indicates that the lesser of the two convictions, the grand theft conviction, should be vacated. See id. at 1158; Gray v. State, 611 So.2d 100, 101 (Fla. 1st DCA 1992); T.S.R. v. State, 596 So.2d 766, 767 (Fla. 5th DCA 1992).

VI. CONCLUSION
We affirm Wilson's conviction and sentence for dealing in stolen property. We reverse his conviction and sentence for grand theft.
Affirmed in part, reversed in part, and remanded.
FULMER and VILLANTI, JJ., Concur.