916 So.2d 44 (2005)
Rene CORVO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3231.
District Court of Appeal of Florida, Third District.
December 7, 2005.
*45 Bennett H. Brummer, Public Defender and Clayton R. Kaeiser, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and William J. Selinger, Assistant Attorney General, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.
SUAREZ, J.
Rene Corvo (the "Defendant") appeals his convictions for third-degree grand theft and dealing in stolen property. We affirm his conviction for dealing in stolen property and reverse his conviction and sentence for grand theft.
The Defendant contends that he should receive a new trial because trial counsel was ineffective for making an inaccurate stipulation at trial. He also asserts that his convictions for both grand theft and dealing in stolen property are illegal dual convictions because they relate to the same property. The State argues that the Defendant's claim of ineffective assistance of trial counsel is not cognizable on direct appeal, and that the dual convictions do not constitute fundamental error.
The Defendant was charged with burglary of an unoccupied dwelling, third-degree *46 grand theft, and dealing in stolen property. He allegedly broke into the victim's home and took items including jewelry, conga drums, and electronic equipment. The Defendant denied that he was involved in the burglary but admitted that he pawned the victim's jewelry as a favor to a friend shortly after the burglary. His fingerprints appear on the pawn slip. The police recovered the stolen conga drums from the apartment where the Defendant was arrested a few days after the burglary and pawning of the jewelry. The jury acquitted the Defendant of burglary and convicted him of the grand theft and dealing in stolen property charges. The trial court sentenced the Defendant as a habitual offender to thirty years imprisonment for the dealing in stolen property, and a concurrent ten-year term for the grand theft. The Defendant challenges his convictions in this belated appeal.
First, we agree with the State that the Defendant's claim of ineffective assistance of trial counsel is not cognizable on this direct appeal. With rare exceptions, ineffective assistance of trial counsel claims should be raised on a motion for post conviction relief. Gore v. State, 784 So.2d 418, 438 (Fla.2001). "Only in cases where the incompetence is apparent on the face of the record and prejudice to the defendant is obvious do appellate courts address this issue on direct appeal." McMullen v. State, 876 So.2d 589 (Fla. 5th DCA 2004).
In the instant case, it is not apparent on the face of the record that trial counsel was ineffective. Counsel mistakenly agreed to stipulate that the Defendant's fingerprints were found inside the victim's burglarized home. Counsel recognized her error almost immediately and withdrew the stipulation. Nor is it obvious that the Defendant was prejudiced by counsel's error. As stated above, counsel corrected herself almost immediately. Furthermore, the jury acquitted the Defendant on the burglary charge to which the erroneous stipulation pertained. As the record reveals no error which resulted in obvious prejudice to the Defendant, this claim of ineffective assistance of trial counsel is not cognizable on this direct appeal. The Defendant may bring this claim on a motion for post conviction relief. See White v. State, 850 So.2d 624 (Fla. 2d DCA 2003) (affirming without prejudice to the defendant's right to file a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850).
Second, we agree with the Defendant that his conviction for grand theft should be reversed. Convictions for both dealing in stolen property and grand theft violate double jeopardy when the convictions arise "in connection with one scheme or course of conduct...." § 812.025, Fla. Stat. (2005). A double jeopardy violation constitutes fundamental error that can be raised for the first time on appeal. Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004).
The State charged the Defendant in Count 2 of the information with the grand theft of "DRUMS and/or JEWELRY and/or TELEVISIONS and/or A DIGITAL VIDEO DISC PLAYER and/or CAMERAS and/or WINE, and/or LIQUOR...." Count 3 charged the Defendant with dealing in stolen property, "to wit: JEWELRY...." The jury found the Defendant guilty of both grand theft and dealing in stolen property. As both charges relate to the same jewelry and to one scheme or course of conduct, the Defendant's conviction for grand theft of the jewelry violates double jeopardy. Stallworth v. State, 538 So.2d 1296 (Fla. 1st DCA 1989) (reversing the defendant's grand theft conviction where he was charged with grand theft of two television *47 sets, and trafficking in one of the stolen television sets four days later); see Jones v. State, 453 So.2d 1192 (Fla. 3d DCA 1984) (rejecting the state's attempt to limit the grand theft count to a stolen car, and the dealing in stolen property count to a stereo system). The Defendant's conviction and ten-year sentence for grand theft must therefore be reversed. Wilson v. State, 884 So.2d 74 (Fla. 2d DCA 2004); Simon v. State, 840 So.2d 1173 (Fla. 5th DCA 2003).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.