2 So.3d 303 (2008)
Ivan ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1788.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant argues that his separate convictions on one count of grand theft of various household items and two counts of dealing in stolen property, based on the same items being pawned, violates section 812.025, Florida Statutes (2005), which provides:
Notwithstanding any other provisions of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
The state argues that the statute does not apply because there was not "one scheme or course of conduct," but rather different incidents on different dates. Although *304 the state was able to prove the dates on which the stolen property was pawned, it was unable to prove when the property was stolen. The state argues that appellant may have committed the thefts on different dates and that there were separate crimes of dealing in stolen property because one item was pawned on one date and another item on another date. We rejected this same argument in Toson v. State, 864 So.2d 552 (Fla. 4th DCA 2004), in which the exact date that various items of property were taken was unknown, and two of the items were pawned on different dates. We concluded that section 812.025 precluded convictions for both theft and dealing in stolen property under those facts.
In this case appellant did not raise section 812.025 in the trial court; however, his adjudication of guilt and sentences can be raised for the first time on appeal as fundamental error. Toson; Corvo v. State, 916 So.2d 44 (Fla. 3d DCA 2005).
Appellant argues that we should direct the trial court to vacate his conviction for dealing in stolen property, which carried a fifteen year sentence, rather than his third degree conviction and five year sentence for grand theft. The remedy routinely imposed under these circumstances, however, is vacating the conviction which carries the lesser sentence. Blair v. State, 667 So.2d 834 (Fla. 4th DCA 1996); Bishop v. State, 718 So.2d 890 (Fla. 2d DCA 1998); State v. Dasher, 687 So.2d 916 (Fla. 5th DCA 1997).
We have considered the other issues raised by appellant and find them to be without merit. We reverse and remand for the trial court to vacate the grand theft conviction.
STEVENSON and TAYLOR, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
This statute, which has been in effect for decades, and is not difficult to apply, continues to generate appeals. The error resulting from it being ignored in the trial court can be raised for the first time on appeal, because it is considered fundamental. Toson v. State, 864 So.2d 552 (Fla. 4th DCA 2004); Corvo v. State, 916 So.2d 44 (Fla. 3d DCA 2005).
Here the taking of the property was third degree grand theft, resulting in a five year sentence. The pawning of the same property resulted in a fifteen year sentence. When the statute is violated, as in this case, and the jury is allowed to return a verdict on both counts, it is the less serious conviction and sentence which is vacated, Blair v. State, 667 So.2d 834 (Fla. 4th DCA 1996); Bishop v. State, 718 So.2d 890 (Fla. 2d DCA 1998); State v. Dasher, 687 So.2d 916 (Fla. 5th DCA 1997). If the jury had followed the statute, and was required to choose, it might well have returned a verdict only on the theft charge. The failure to charge the jury on this statute thus puts a defendant at a disadvantage.
We need a standard jury instruction to implement the statute, perhaps because, as one writer suggests, "the vast majority of criminal defense attorneys are oblivious" to section 812.025. George C. Via, Dealing in Stolen Property, Grand Theft, and Ineffective Assistance of Counsel, Fla. Bar Journal Vol. 82, No. 3 (March 2008). Mr. Via's main point is that defense counsel who, in ignorance of the statute, allow clients to plead guilty to both theft and dealing in stolen property, are committing malpractice. I respectfully suggest that our committee on standard jury instructions *305 in criminal cases consider an instruction based on section 812.025.