KLEIN, J.,
concurring specially.
This statute, which has been in effect for decades, and is not difficult to apply, continues to generate appeals. The error resulting from it being ignored in the trial court can be raised for the first time on appeal, because it is considered fundamental. Toson v. State, 864 So.2d 552 (Fla. 4th DCA 2004); Corvo v. State, 916 So.2d 44 (Fla. 3d DCA 2005).
Here the taking of the property was third degree grand theft, resulting in a five year sentence. The pawning of the same property resulted in a fifteen year sentence. When the statute is violated, as in this case, and the jury is allowed to return a verdict on both counts, it is the less serious conviction and sentence which is vacated, Blair v. State, 667 So.2d 834 (Fla. 4th DCA 1996); Bishop v. State, 718 So.2d 890 (Fla. 2d DCA 1998); State v. Dasher, 687 So.2d 916 (Fla. 5th DCA 1997). If the jury had followed the statute, and was required to choose, it might well have returned a verdict only on the theft charge. The failure to charge the jury on this statute thus puts a defendant at a disadvantage.
We need a standard jury instruction to implement the statute, perhaps because, as one writer suggests, “the vast majority of criminal defense attorneys are oblivious” to section 812.025. George C. Via, Dealing in Stolen Property, Grand Theft, and Ineffective Assistance of Counsel, Fla. Bar Journal Vol. 82, No. 3 (March 2008). Mr. Via’s main point is that defense counsel who, in ignorance of the statute, allow clients to plead guilty to both theft and dealing in stolen property, are committing malpractice. I respectfully suggest that our committee on standard jury instruc *305 tions in criminal cases consider an instruction based on section 812.025.