VILLANTI, Judge.
After entering an open plea to charges of grand theft and dealing in stolen property, Jessica Anucinski appeals the trial court’s adjudication of guilt on both charges. We hold that the trial court erred in adjudicating Anucinski guilty of both grand theft and dealing in stolen property because section 812.025, Florida Statutes (2009), bars dual convictions arising from a single scheme or course of conduct. On the facts of this case, we reverse and remand with directions that the trial court vacate the lesser conviction and resentence Anucinski accordingly.
The facts in this case are simple. Anucinski entered an unbargained-for, open plea to the trial court on charges of third-degree grand theft and dealing in stolen property (a second-degree felony). The two charges arose from a single scheme or course of conduct: Anucinski stole a ring from the Tiffany & Co. store located at a mall, hiked to a pawn shop located on a nearby street, and pawned the ring the same day. See, e.g., Wilson v. State, 884 So.2d 74, 77 (Fla. 2d DCA 2004) (finding a single scheme or course of conduct where the defendant “was accused of stealing and selling the same property on the same day”).
Section 812.025 provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
(Emphasis added.) In Hall v. State, 826 So.2d 268 (Fla.2002), the supreme court held that section 812.025 prohibits dual convictions for dealing in stolen property and grand theft arising from a single scheme when a defendant pleads nolo con-tendere to both charges. The court explained that each statute addresses a different evil: the theft statute intends to punish a common thief who steals for personal use and for whom redistribution is incidental, while the dealing statute intends to punish “fences” who knowingly redistribute stolen property. Id. at 271. Hall explained:
The linchpin of section 812.025 is the defendant’s intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both. The *881 legislative scheme is clear and the same legislative rationale militates against allowing a defendant to plead guilty to inconsistent counts, i.e., stealing property with intent to use under section 812.014 or stealing property with intent to traffic in the stolen goods pursuant to section 812.019. Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea of nolo contendere to both counts. Legislative history leads us to believe that this comports with legislative intent. Thus, we find that section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo contendere.
Id. (emphasis added).
Based on the language of the statute and the Hall decision, it is clear that the trial court could not adjudicate Anucinski guilty of both dealing in stolen property and grand theft arising from a single scheme. See, e.g., Pomaski v. State, 989 So.2d 721, 723 (Fla. 4th DCA 2008) (holding that trial court erred in accepting open plea to both grand theft and dealing in stolen property charges arising from a single scheme of stealing aluminum ramps and handrails and selling them to a scrap yard).
All that remains to be determined in this case is the remedy. Anucinski asked this court to remand for the trial court to make a factual determination as to whether she was a “common thief’ who should be convicted of grand theft or a “trafficker in stolen property” who should be convicted of dealing in stolen property, and to decide which conviction to vacate based on that determination. The State has interpreted Anucinski’s argument as a request to order the trial court to conduct an evidentiary hearing to make that determination and asks that we simply vacate the lesser conviction of grand theft.[1]
Prior to the supreme court’s Hall decision, this court had consistently directed trial courts in cases arising out of one scheme or course of conduct to simply vacate the less serious of the two offenses, regardless of whether the case involved a plea or a trial. See, e.g., Bishop v. State, 718 So.2d 890 (Fla. 2d DCA 1998); Duncan v. State, 503 So.2d 443 (Fla. 2d DCA 1987); Repetti v. State, 456 So.2d 1299 (Fla. 2d DCA 1984); Rife v. State, 446 So.2d 1157 (Fla. 2d DCA 1984); Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982).
But the procedure on remand in this case is affected by the language in Hall. There, as here, the defendant had been charged with, and entered a plea to, third-degree grand theft and second-degree dealing in stolen property. See Hall, 826 So.2d at 269. But, unlike in prior cases, the supreme court did not simply remand with directions that the lesser conviction of grand theft be vacated. Rather, it “remand[ed] with directions that the conviction be reversed on either count III or count IV” without further direction. Id. at 272. In reversing the dual conviction, the supreme court explained: “Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea ... to both counts.” Id. at 271. *882 Hall’s language suggests some level of discretion in deciding which conviction to vacate upon remand.
Yet despite Hall’s discretionary language, trial courts in post-Hall trial cases have been directed to simply vacate the lesser of the two convictions pursuant to section 812.025. See, e.g., Wilson v. State, 884 So.2d at 77; Blackmon v. State, 58 So.3d 343, 347 (Fla. 1st DCA 2011); see also Poole v. State, 67 So.3d 431 (Fla. 2d DCA 2011) (affirming where trial court dismissed charge of third-degree grand theft after the jury returned a guilty verdict on both grand theft and dealing in stolen property); Williams v. State, 66 So.3d 360 (Fla. 2d DCA 2011) (same); Simon v. State, 840 So.2d 1173 (Fla. 5th DCA 2003). As the State has pointed out, and as the above cases illustrate, when a jury convicts a defendant of both grand theft and dealing in stolen property, trial courts do not have to engage in any determination of which conviction to vacate— they are simply directed to vacate the lesser offense. See, e.g. Wilson, 884 So.2d at 77. Therefore, requiring trial courts to hold an evidentiary hearing in plea cases to determine which crime a defendant is “more guilty of’ seems illogical when no such analysis is required after a jury verdict.
But we are bound by Hall, so we must reconcile its language with the cases cited above. As we have noted in the past, while in many cases grand theft is a third-degree felony and dealing in stolen property is a second-degree felony, that is not always the case. See Williams, 66 So.3d at 363. In some cases grand theft can be a greater felony, depending upon the value of the stolen goods. Id. And dealing in stolen property is not always a second-degree felony. Id. Moreover, dual convictions for those crimes may be possible depending on the facts of a case. See Wilson, 884 So.2d at 77 (explaining that dual convictions are possible where “ ‘a clearly disjunctive interval of time or set of circumstances’ ” disrupts the flow of the defendant’s conduct) (quoting Rife v. State, 446 So.2d at 1158). For example, if Anu-cinski had stolen several rings and only pawned one of them, that factual circumstance could allow dual convictions. Or if there had been a very long delay between the two crimes and the pawn shop had been a long distance away from the jewelry store, it could be that the two counts could be considered to arise from two separate episodes. Presumably, the broad language in Hall was intended to allow courts to consider those types of factors when deciding which conviction to vacate or which charge to dismiss. But absent other elements, such as the ones described above, we expect that trial courts will simply continue to dismiss the lesser charge or vacate the lesser conviction.
In this case, however, Anucinski pleaded to both crimes so there is no question of fact for the trial court as to whether she committed the elements of both offenses. And the factual basis for the plea here sufficiently established that the two charges arose from a single scheme or course of conduct. See Wilson, 884 So.2d at 77. Therefore, there is no factual determination left to be made by the trial court. Thus, in an effort to foster judicial economy, see Simon, 840 So.2d at 1174, we remand with directions that the trial court vacate the grand theft conviction.
Reversed and remanded for further proceedings consistent with this opinion.
ALTENBERND and LaROSE, JJ„ Concur.

. We note that this case is before us on the State’s motion for rehearing. Interestingly, in its original three-and-half-page appellate argument, the State did not concede that both offenses were part of a single scheme or course of conduct and, therefore, did not cite to any of the cases to which it cites on rehearing regarding a proper remedy to Anucinski’s situation. But on rehearing, the State has implicitly agreed that both convictions cannot stand and focuses on the remedy.