NORTHCUTT, Judge.
Kathy Friel argues, and the State concedes, that the trial court could not enter convictions for both grand theft and dealing in stolen property in this ease. See § 812.025, Fla. Stat. (2010) (stating that only one of these convictions may be sustained when both were committed in one scheme or course of conduct); see also Hall v. State, 826 So.2d 268 (Fla.2002). Friel was sentenced to ten years in prison for dealing in stolen property but to only time served for grand theft. Both parties agree that the proper remedy in this case is to vacate the grand theft conviction. See Anucinski v. State, 90 So.3d 879 (Fla. 2d DCA 2012). Accordingly, we reverse the conviction for grand theft.
Reversed and remanded for the trial court to vacate the grand theft conviction.
VILLANTI and MORRIS, JJ., Concur.