PER CURIAM. Appellant, Michael Anthony Bennett, appeals his convictions for dealing in stolen property and grand theft and raises three issues, only one of which merits discussion and reversal. Appellant correctly argues, and the State concedes, that Appellant’s convictions violate section 812.025, Florida Statutes (2015), which prohibits dual convictions for dealing in stolen property and theft when the offenses were committed in connection with one scheme or course of conduct. See Adoye v. State, 224 So.3d 887, 887 (Fla. 1st DCA 2017) (agreeing with the appellant and the State’s concession of error that the appellant’s dual convictions for grand theft and dealing in stolen property violated double jeopardy because both offenses were committed during a single, ongoing scheme and reversing and remanding for the trial court to vacate the lesser grand theft conviction); see also Blackmon v. State, 121 So.3d 535, 548 (Fla. 2013) (noting that the stolen items at issue were sold to a scrap yard the day after the items were stolen and holding that the trial court erred in adjudicating the appellant guilty of both dealing in stolen property and theft where the offenses were committed in connection with one scheme or course of conduct); Williams v. State, 121 So.3d 524, 533 (Fla. 2013) (noting that the appellant sold a stolen video game system and games to a pawn shop the >day after the theft and concluding that the dealing in stolen property and grand theft offenses were in connection with one scheme or course of conduct); Wilson v. State, 884 So.2d 74, 77 (Fla. 2d DCA 2004) (noting that section 812.025 does not entirely foreclose the possibility of prosecution for both theft and dealing in stealing property in connection with the same stolen property, but concluding that the State .correctly conceded that the appellant could not be convicted of both offenses where he was accused of stealing and selling the property at issue on the same day and affirming the conviction for dealing in stolen property while reversing the conviction for theft). ■Accordingly, we AFFIRM Appellant’s conviction for dealing in stolen property but REVERSE his conviction for grand theft. LEWIS, KELSEY, and M.K. THOMAS, Jj., CONCUR.'