582 So.2d 28 (1991)
William SHEARER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1316.
District Court of Appeal of Florida, Fifth District.
June 6, 1991.
Rehearing Denied July 19, 1991.
*29 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
William Shearer was convicted, as charged, of dealing in stolen property, to-wit: a camera, on June 20, 1989, and of petit theft involving the camera, luggage, and clothing on June 20, 1989. Because the theft arose out of the same course of conduct or scheme as the fencing crime, we reverse and set aside the conviction and sentence for the lesser crime of petit theft. W.J. v. State, 485 So.2d 22 (Fla. 5th DCA 1986); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981); § 812.025, Fla. Stat. (1989).
We affirm the order imposing costs. The court imposed statutorily mandated costs,[1] and appellant argues that the imposition was improper in that he was not provided notice and opportunity to be heard. Since the parties filed their briefs, the supreme court decided State v. Beasley, 580 So.2d 139 (Fla. 1991). In Beasley, the court held that constructive notice of statutorily mandated costs is provided by the statute mandating the costs. Opportunity to be heard is provided at the sentencing hearing. On the authority of Beasley, then, we affirm the order imposing costs.
AFFIRMED in part; REVERSED in part.
HARRIS, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge dissenting.
I respectfully dissent. Section 812.025, Florida Statutes (1989) prohibits conviction for both theft and dealing in stolen property "in connection with one scheme or course of conduct." See Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). However, the two counts must involve the same property. Duncan v. State, 503 So.2d 443 (Fla. 2d DCA 1987).
Here, the dealing count charged appellant with selling a stolen camera, and the petit theft count involved a suitcase and clothing as well as the camera. Since the two crimes involved different properties, section 812.025 does not apply, in my view. I would affirm the judgment in full.
NOTES
[1] Costs were imposed pursuant to sections 943.25(3), 943.25(13), 960.20, and 27.3455, Florida Statutes.