677 So.2d 987 (1996)
Obeid Mohamad ALMULLA, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1309.
District Court of Appeal of Florida, Fifth District.
August 9, 1996.
James B. Gibson, Public Defender and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
The defendant's convictions for both dealing in stolen property (§ 812.019, Fla.Stat.) and grand theft (§ 812.014, Fla.Stat.) in connection with one scheme or course of conduct was improper. See, Hernandez v. State, 636 So.2d 605 (Fla. 5th DCA 1994) (citing, § 812.025, Fla. Stat.; T.S.R. v. State, 596 So.2d 766 (Fla. 5th DCA 1992); Shearer v. State 582 So.2d 28 (Fla. 5th DCA 1991); Duncan v. State, 503 So.2d 443 (Fla. 2d DCA 1987); W.J. v. State, 485 So.2d 22 (Fla. 5th DCA 1986); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981)). Accordingly, we reverse the conviction and sentence for dealing in stolen property. In addition, we reverse the sentence for the grand theft count, and remand for resentencing with a corrected *988 scoresheet. See, Lawrence v. State, 590 So.2d 1068 (Fla. 5th DCA 1991).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
HARRIS, J., concurs.
GOSHORN, J., concurs specially, with opinion.
GOSHORN, Judge, concurring specially.
I write only to point out that in this case, both of the defendant's convictions were second degree felonies. The defendant correctly argued that one of the convictions must be reversed, although he expressed no preference for which that should be. We have chosen to reverse the conviction for dealing in stolen property because the State prefers that we reverse that conviction.