PER CURIAM.
The appellant, a juvenile who was tried and convicted as an adult, was found guilty by a jury of burglary of a dwelling, grand theft, and dealing in stolen property. He asserts, inter alia, that the trial court failed to consider the statutory criteria of section 39.059(7)(c), Florida Statutes (1995) in imposing adult sanctions on him. While this error has merit, it has not been properly preserved for appellate review. Carson v. State, 707 So.2d 898 (Fla. 5th DCA 1998).
The appellant is entitled to relief from his conviction and sentence for the third degree felony of grand theft because he was also convicted of the second degree felony of dealing in stolen property. Section 812.025, Florida Statutes (1995) prohibits convictions for both crimes when they arise out of a single transaction. L.E.S. v. State, 693 So.2d 141 (Fla. 5th DCA 1997); Almulla v. State, 677 So.2d 987 (Fla. 5th DCA 1996).
We find that the issue raised by appellant regarding the prosecutor’s comment to be disposed of by the harmless error analysis of State v. DiGuilio, 491 So.2d 1129 (Fla.1986) and Jones v. State, 686 So.2d 749 (Fla. 5th DCA 1997). The evidence of guilt was overwhelming.
The convictions and sentences are affirmed with the exception of the conviction and sentence for the grand theft, which we vacate.
AFFIRMED IN PART; REVERSED IN PART.
W. SHARP, PETERSON and THOMPSON, JJ., concur.