724 So.2d 632 (1998)
Maury BARNLUND, Appellant,
v.
STATE of Florida, Appellee.
No. 98-103
District Court of Appeal of Florida, Fifth District.
December 31, 1998.
*633 James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Barnlund appeals from his judgment and sentences for burglary of a structure, grand theft, and two counts of dealing in stolen property. He contends on appeal that the evidence at trial was insufficient to support his convictions for burglary and theft, and that he cannot be convicted of dealing in stolen property and grand theft of the same items. We disagree with Barnlund's first point, but agree, and the state concedes, the convictions for dealing in the same stolen property, which was the subject of the grand theft charges, must be reversed.
The evidence at trial disclosed that Barnlund had worked in St. Augustine, at an establishment located across the parking lot from the back entrance to Moeller's Jewelers. Moeller's was broken into some time between 6:00 p.m. on May 28, 1997 and 9:00 a.m. on May 29, 1997. Two hundred items of jewelry were taken, valued at $25,000.00 wholesale, and $50,000.00 retail.
The following day Barnlund pawned six rings, one pendant and one bracelet for $280.00 at American Pawn in Orlando. At 5:15 p.m., he pawned several rings and a tennis bracelet for $200.00 at Big Cash Pawn in Orlando. All items were identified as having been stolen from Moeller's.
On June 2, 1997, Barnlund pawned a ring taken from Moeller's for $30.00 at Florida Cash Jewelry in St. Augustine. A man named John Harris pawned two rings from Moeller's on June 4, 1997, at American Pawn in Orlando.[1] On June 9, 1997, Barnlund pawned several rings and a tie tac from Moeller's, at USA Jewelry and Pawn in St. Augustine. Stolen items were also pawned at other shops in Volusia County and Winter Park.
Eventually Barnlund was located and arrested at a residence belonging to a friend, Bill Donovan. Under questioning, Barnlund made damaging admissions linking him to the pawning of the jewelry. He later admitted pawning it, as a favor to Harris and Donovan, but denied any involvement in the burglary and theft.
On appeal, Barnlund contends the evidence was insufficient to support his conviction of burglary and theft. However, Barnlund did not raise this issue below and thus it is not preserved for purposes of appellate review. § 924.051, Fla. Stat. However, even if it were properly preserved, proof of a defendant's possession of recently stolen property is sufficient to give rise to an inference not only that he stole the property, but that he committed the burglary which was necessary to accomplish the theft. T.S.R. v. State, 596 So.2d 766 (Fla. 5th DCA 1992); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). Further, the reasonableness of a defendant's explanation of how he came into possession of recently stolen property is a question of fact for the jury to be considered in connection with all other facts and circumstances. T.S.R.; Ridley.
*634 A long line of cases from this court,[2] establish that section 812.025 prohibits convictions and sentences for dealing in stolen property and grand theft of the same items, when the crimes arise out of one scheme or course of conduct. It provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts. (emphasis added)
In this case, the information charged Barnlund with grand theft of all the jewelry from Moeller's, and with two counts of dealing in specific items of property stolen from Moeller's, in St. Johns County, on different days. The jewelry had all been stolen from Moeller's at the same time. But various pieces were pawned at different pawn shops, at different times and locations.
The cases cited above do not discuss what is meant by "in connection with one scheme or course of conduct." Further, the facts in those cases are not discussed beyond generally saying the same item, which was stolen and later pawned, cannot be a basis to convict for theft, as well as dealing in stolen property. The state concedes error in this case on this point, so this is not an appropriate moment to attempt to rationalize what the Legislature had in mind in prohibiting dual convictions for "one scheme or course of conduct," and whether the same property test suffices.
Accordingly, we affirm the judgments and sentences for burglary and grand theft, and reverse the two judgments and sentence for dealing in stolen property. Barnlund was sentenced to 31.3 months on each count, all sentences to run concurrently. It is not necessary in this case to remand for resentencing on the two remaining crimes because in computing the sentencing score, the prosecutor only included the grand theft and burglary convictions. Thus the sentences for those remaining crimes are not affected.
AFFIRMED in part, REVERSED in part.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Harris has never been located.
[2] Scorpio v. State, 717 So.2d 1122 (Fla. 5th DCA 1998); L.E.S. v. State, 693 So.2d 141 (Fla. 5th DCA 1997); Almulla v. State, 677 So.2d 987 (Fla. 5th DCA 1996); Hernandez v. State, 636 So.2d 605 (Fla. 5th DCA 1994); Shearer v. State, 582 So.2d 28 (Fla. 5th DCA 1991); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981).