842 So.2d 217 (2003)
STATE of Florida, Appellant,
v.
Rosalvo LALOR, Jr., Appellee.
No. 5D01-3552.
District Court of Appeal of Florida, Fifth District.
April 4, 2003.
*218 Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellee.
THOMPSON, C.J.
The state appeals a judgment of acquittal. We reverse the judgment and remand for a new trial. Rosalvo Lalor was charged with sexual battery on an incapacitated person, and the jury found him guilty of the lesser included crime of sexual battery. The victim testified that she invited Lalor to her apartment after she had consumed a substantial amount of alcohol. According to her testimony, she had fallen asleep and awoke to find Lalor having non-consensual intercourse with her. The essence of Lalor's testimony was that although the victim did not expressly consent, her favorable physical responses suggested consent to the massage he gave her and later to the intercourse. Some of Lalor's testimony was supported by a witness who had been with the victim and Lalor earlier in the evening.
The court denied Lalor's motion and renewed motion for judgment of acquittal, stating that the case was a "classic swearing match." After Lalor moved for arrest of judgment and new trial, however, the court entered the judgment of acquittal based on the court's determination that Lalor's testimony was credible and that the victim's testimony, while not insincere, was undercut by her inability to remember large portions of the evening in question. The court stated: "It is absolutely clear to me, from the evidence presented that the defendant honestly believed he had consent to have sexual contact with the victim." Further, the court thought the jury would have found Lalor not guilty if it had been instructed differently.[1]
After summarizing the evidence presented at trial, the court stated:
On these facts, there is certainly some evidence presented which was sufficient to support the jury's verdict. It appears to me, however, that the verdict was against the weight of the evidence. Despite the jury's apparent misgivings, they returned a verdict of guilt on the lesser included offense of sexual battery. It appears to me they felt they had no choice based upon the instructions, and the definition of consent. The testimony and record have left me with serious doubts, however, about whether a sexual battery was in fact committed in this matter. Having weighed the evidence, and the credibility of witnesses, this court certainly has the power, upon discretionary review, to grant a new trial if the verdict is against the weight of the evidence. Upon further review of the evidence and trial testimony, it is my fervent belief that the evidence presented was insufficient for conviction. Specifically, I accept the defendant's testimony in virtually all respects. Indeed, it seldom contradicts the victim's. She does not remember large portions of the evening, and is unable to refute his testimony. It is undisputed, that no conversation regarding consent occurred between the two until the moment at which *219 she told him to stop, allegedly after the second sexual encounter. I believe the victim's testimony to be sincere; it is her memory which causes me to harbor grave reservations about the defendant's guilt.
(Citations omitted; emphasis in original). Finally, the order states: "The verdict is contrary to the weight of the evidence. Therefore, a Judgment of Acquittal Notwithstanding the Verdict is granted."
This case is controlled by Tibbs v. State, 397 So.2d 1120 (Fla.1981), which was applied in State v. Smyly, 646 So.2d 238 (Fla. 4th DCA 1994). In Smyly, the defendant had an alibi, the victim did not think the defendant's hair was like that of the person who snatched her purse, and an eyewitness identification of the defendant was compromised because the defendant did not match the physical description given by this witness and because the photo lineup was problematic. The Smyly court reversed the judgment of acquittal and remanded for a new trial because the evidence was sufficient to defeat a motion for judgment of acquittal.
The court stated:
In Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), the court distinguished between the sufficiency of the evidence, on the one hand, and the weight and credibility of the evidence, on the other. Trial and appellate courts are equally capable of making the legal judgment whether the evidence is legally sufficient to allow the state's case to go to the jury and support a verdict. Id. Legal sufficiency means that the state has adduced a bundle of evidence that, if believed by the jury, would constitute proof beyond a reasonable doubt on every element of the offense charged. Id. The failure to produce legally sufficient evidence exonerates the defendant and requires his dismissal. Id.

The weight and credibility of the evidence are different. Id. Initially the inquiry is directed to the jury to weigh the legally sufficient evidence and assess its credibility. Id. When the jury returns a verdict of guilty on legally sufficient evidence, however, the judge's role is not yet over. The trial judge may be asked under rule 3.600(a)(2) to assess the verdict in light of the weight and credibility of the evidence. Id. In this regard, the trial judge sits as the seventh juror with a veto over the unanimous vote of the other six. Tibbs, 397 So.2d at 1123. If the trial judge determines that the verdict of guilty is against the weight of the evidence, that is not a determination that the evidence was legally insufficient so as to require an acquittal. Rather it represents the trial judge's disagreement with the jury's weighing of the evidence and allows the judge to order a new trial. Tibbs, 397 So.2d at 1123; see also Kelley v. State, 637 So.2d 972 (Fla. 1st DCA 1994).
Id. at 241 (footnotes omitted). Because the evidence was sufficient to defeat a motion for judgment of acquittal, the court reversed and remanded for a new trial.
The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the state. Donovan v. State, 821 So.2d 1099 (Fla. 5th DCA 2002). In moving for a judgment of acquittal, a defendant admits all facts and evidence adduced at trial, and all reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the state. Id. (citing Beasley v. State, 774 So.2d 649 (Fla.2000)). In the instant case, the state presented the victim's testimony that she had been sexually battered by *220 Lalor. She testified that she went to sleep and woke up to find Lalor having nonconsensual intercourse with her. Because this testimony was legally sufficient, the trial court erred in entering a judgment of acquittal. Furthermore, the court should not have based the judgment on Lalor's apparent candor or the victim's failure to recall. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974) ("The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal"). Accordingly, the judgment is reversed and the cause is remanded for a new trial. See Smyly, 646 So.2d at 242.
REVERSED and REMANDED for new trial.
SAWAYA and ORFINGER, JJ., concur.
NOTES
[1] Cf., Bullington v. State, 616 So.2d 1036, 1038 (Fla. 3d DCA 1993) (holding that consent to sexual activity may be actual or implied).