PER CURIAM.
The defendant appeals his conviction and sentence for burglary and grand theft. He argues the trial court erred in denying his motion for judgment of acquittal and in giving the standard jury instruction on possession of recently stolen property. We affirm.
The evidence established the victim’s home had been broken into. The perpetrator took a shower during the burglary, and a pair of pants, containing the defendant’s identification, was found in a laundry hamper in the victim’s home. Shortly after the defendant’s arrest, the victim identified the clothes being worn by the defendant as belonging to the victim. We hold there was “competent evidence supporting every element of the crime[s] ...” Bryant v. State, 789 So.2d 1042, 1043 (Fla. 4th DCA 2001).
The defendant next argues the court erred in reading the standard jury instruction on the possession of recently stolen property. We find this argument unpersuasive for three reasons. First, there was no objection to the instruction. Wilson v. State, 786 So.2d 632 (Fla. 4th DCA 2001). Second, while the supreme court has recently granted review in Walker v. State, 853 So.2d 498 (Fla. 1st DCA 2003), rev. granted, 864 So.2d 401 (Fla.2004), to consider the continued use of the instruction, current Florida law permits its use. See Smith v. State, 394 So.2d 407 (Fla.1981); see also State v. Young, 217 So.2d 567, 571 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). And third, even if the instruction had been given in error, it would be harmless beyond a reasonable doubt, given the evidence of guilt in this case. See Consalvo v. State, 697 So.2d 805 (Fla.1996)(jury instruction on unexplained possession of recently stolen property was properly given; error, if any, was harmless).
Affirmed.
KLEIN, GROSS and MAY, JJ., concur.