970 So.2d 480 (2007)
William Francis ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3454.
District Court of Appeal of Florida, Fifth District.
December 14, 2007.
Bradley S. Sherman, Deland, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
William Francis Roberts appeals from the judgment and sentence of the trial court in which he was adjudged guilty of an aggravated assault[1] with a firearm after having been convicted of that offense by a jury. We affirm the judgment and sentence in all respects.
Mr. Roberts first asserts that the trial court should have granted his motion for judgment of acquittal. Leaving aside the issue of whether the alleged error was preserved for appeal, we conclude that the motion was properly denied in any event. The Florida Supreme Court has told us on a number of occasions that the fact that the evidence presented is contradictory does not warrant a judgment of acquittal because the weight of the evidence and the credibility of the witnesses are questions solely for the jury. See Williams v. State, 967 So.2d 735 (Fla.2007); Fitzpatrick v. *481 State, 900 So.2d 495, 508 (Fla.2005). See also State v. Lalor, 842 So.2d 217, 219-20 (Fla. 5th DCA 2003). Here, there was more than sufficient evidence to convict Mr. Roberts of the crime.
Next, Mr. Roberts urges that the trial court erred in declining to read back the testimony of one of the witnesses when a single juror requested him to do so. The court met with the parties and determined that it was not inclined to honor the request. We note, first, that there was no objection by Mr. Roberts to the trial court's decision not to read back the testimony, and we accordingly conclude that the purported error was not preserved. Secondly, the claim is without merit. A trial court has broad discretion in deciding whether to have testimony re-read to the jury. See State v. Riechmann, 777 So.2d 342, 365 (Fla.2000); Coleman v. State, 610 So.2d 1283, 1286 (Fla.1992), cert. denied, 510 U.S. 921, 114 S.Ct. 321, 126 L.Ed.2d 267 (1993); Roper v. State, 608 So.2d 533, 535 (Fla. 5th DCA 1992). Here, it is clear that the trial court considered the request of the juror and made a reasoned decision not to have the testimony re-read. We find no abuse of discretion.
Accordingly, the judgment and sentence is affirmed.
AFFIRMED.
ORFINGER and LAWSON, JJ., concur.
NOTES
[1] See § 784.021(1)(a) and § 775.087(2), Fla. Stat. (2004).