IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VINSON T. BLOCKER,

      Appellant,

 v.                                          Case No.  5D18-16

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 18, 2018

3.850 Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

Vinson T. Blocker, Sneads, pro se.

No Appearance for Appellee.


PER CURIAM.

      We affirm the summary denial of all issues raised by Vinson T. Blocker ("Appellant") in his Florida Rule of Criminal Procedure 3.850 amended motion for postconviction relief, save one.  Under the specific facts of this case, Appellant's dual convictions for dealing in stolen property and petit theft are improper.  *See Hall v. State*, 826 So. 2d 268, 271 (Fla. 2002) (finding that section 812.025, Florida Statutes, prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct); *Shearer v. State*, 582 So. 2d 28,

29 (Fla. 5th DCA 1991) (concluding that the petit theft of a camera and the dealing in stolen property of the camera committed on the same day arose out of the same course of conduct or scheme).

We next address the remedy. Where, as here, the jury is properly instructed under section 812.025 but nevertheless returns dual guilty verdicts for both theft and dealing in stolen property that are contrary to section 812.025, we conclude that the appropriate remedy is to vacate the conviction for the lesser offense of petit theft. *Cf. Blackmon v. State*, 121 So. 3d 535, 548–49, 549 n.18 (Fla. 2013) (holding that where the jury was *not* properly instructed under section 812.025 but the defendant failed to request a proper instruction or to otherwise preserve the error for appellate review and the jury returns dual guilty verdicts for both theft and dealing in stolen property that are contrary to section 812.025, the proper remedy is vacating the conviction for the lesser offense).

Lastly, based upon the trial court's findings in the denial order that it would have imposed the same sentences for Appellant's other convictions regardless of the "negligible" change in the scoresheet resulting if the petit theft conviction were vacated, we deny Appellant's request to be resentenced on his other convictions.

Accordingly, we reverse and remand to the trial court to vacate Appellant's conviction and sentence for petit theft. We affirm the postconviction court's order in all other respects.

AFFIRMED in part; REVERSED in part; REMANDED with directions.

PALMER, BERGER and LAMBERT, JJ., concur.

2