[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14016
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-01202-GKS-TBS

ROBERT J. GOODMAN,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 18, 2019)

Before MARCUS, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Robert Goodman, a pro se Florida prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2254 petition, arguing that the district court erred in

concluding that the state court had not unreasonably rejected his ineffective-assistance-of-counsel claim.  Specifically, he argues that his counsel was ineffective for failing to raise concerns during Goodman's trial related to allegedly statutorily impermissible dual convictions, claiming that Fla. Stat. § 812.025 prevented his two convictions on the basis that he was charged with stealing and dealing in the same property.  After thorough review, we affirm.

We review a district court's denial of a § 2254 petition de novo.  Bester v. Warden, 836 F.3d 1331, 1336 (11th Cir. 2016).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, however, that, after a state court has adjudicated a claim on the merits, we may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Relevant here, a state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner.  Brown v. Payton, 544 U.S. 133, 141 (2005).  This standard is highly deferential and demands that state-court decisions be given the benefit of the doubt.  Renico v. Lett, 559 U.S. 766, 773 (2010).  In other words, the "unreasonable application" inquiry requires that the state court

2

decision be more than incorrect or erroneous -- it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). The petitioner must show that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. White v. Woodall, 134 S. Ct. 1697, 1702 (2014).

For an ineffective-assistance claim raised in a § 2254 petition, the inquiry turns upon whether the relevant state court decision was contrary to, or an unreasonable application of, Strickland v. Washington, 466 U.S. 668, 686-87 (1984). Cullen v. Pinholster, 563 U.S. 170, 189 (2011). Under Strickland, a defendant must show both that his counsel's performance was deficient, and the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Failure to establish either prong is fatal. Id. at 697.

A counsel's performance is measured under an objective standard of reasonableness, and there is a strong presumption that counsel's conduct falls within the range of reasonable performance. Id. at 687, 690. Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To make such a showing, a defendant must demonstrate that "no competent counsel would have taken the action that his counsel did take." United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quotations omitted). Prejudice occurs when

there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

When analyzing a claim of ineffective assistance under § 2254(d), our review is "doubly" deferential to counsel's performance. Harrington v. Richter, 562 U.S. 86, 105 (2011). Thus, under § 2254(d), "the question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

As relevant to the ineffective-assistance claim at hand, Fla. Stat. § 812.025 provides that "a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme . . . but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts." Fla. Stat. § 812.025. "A long line of cases from [the Fifth District Court of Appeal] establish that [Fla. Stat.] section 812.025 prohibits convictions and sentences for dealing in stolen property and grand theft of the same items, when the crimes arise out of one scheme or course of conduct." Barnlund v. State, 724 So. 2d 632, 634 (Fla. Dist. Ct. App. 1998).

Here, the district court did not err in determining that the state court's rejection of Goodman's ineffective-assistance claim was not unreasonable. Goodman claims

4

that counsel was ineffective for failing to raise a statutory challenge that Goodman had been improperly charged with the theft and sale of the same object.  Notably, the Florida statute at issue prohibits only dual convictions for the theft and sale of the <u>same</u> item.  <u>Barnlund</u>, 724 So. 2d at 634.  This would bar, for example, a person from being convicted of stealing a television and for knowingly selling that same stolen television.

As the record reflects, however, Goodman was convicted of theft of certain items, including a collectible figurine and a wedding dress; <u>and</u> he was convicted of knowingly dealing a stolen vehicle.  Because the record does not indicate that Goodman was necessarily convicted of theft and dealing in the same property, and because Fla. Stat. § 812.025 only bars convictions of theft and dealing in the same property, the state court's conclusion that Goodman's counsel was not ineffective was not an unreasonable application of Supreme Court law.  Indeed, we do not see how counsel's failure to raise a meritless objection could have amounted to ineffective assistance.  Accordingly, the district court did not err in denying Goodman relief under 28 U.S.C. § 2254.

**AFFIRMED**.